December Term, 1843.

JAMES MULLIKEN vs. THEODORE R. S. BOYCE.—December 1843.

The plaintiff, upon the sale of a horse by him, promised the defendant, the purchaser, to obtain a certificate from the breeder, that the animal was thorough bred, and send it to him. In an action to recover the amount of a note given for the purchase money, the defendant prayed the court to instruct the jury that the plaintiff could not recover, unless the jury should find, that the horse was thorough bred, which the court refused, and instructed the jury that the plaintiff could not recover unless he furnished the promised certificate within a reasonable time from the making of the contract. This was affirmed upon appeal.

Upon the sale of a horse, the seller agreed to furnish the buyer with a breeder's certificate that the horse was thorough bred. The latter accepted the animal, and retained him without any offer to return him. In an action upon a note for the purchase money, though the plaintiff had failed to fur-

nish the promised certificate, he may still recover the actual value of the horse sold.

Where a defendant is not prejudiced by the erroneous instruction of the court below, or where such an instruction is beneficial to him, this court, upon his appeal, will not therefor, reverse the judgment.

A promise by the vendor of a horse to furnish a breeder's certificate that the animal was thorough bred, does not authorise the defendant in an action against him for the purchase mony, to introduce the opinion of a witness who had seen its pedigree as forwarded by the plaintiff to the defendant, that he did not consider it thorough bred, as evidence to the jury, without producing the paper which contained it.

A witness is not competent to speak of the contents of a paper writing or document without producing it.

Where a defendant lived with the witness, and kept papers at his house, and had also a plantation and house to which he frequently went, and where the witness had seen papers which he supposes belonged to defendant, an unsuccessful search for a paper alleged to be left at the house of the witness, and no search any where else, is not sufficient to let in secondary evidence of the contents of the paper as a lost paper.

APPEAL from *Prince George's* County Court.

This was an action of *Assumpsit*, brought on the 2nd March 1840, by the appellee against the appellant, to recover the amount of a promissory note of the defendant for $350, dated 28th September 1837, payable to the appellee or order. The declaration also contained the common money counts. The defendant pleaded non-assumpsit, and the jury found a verdict against him for $445.37, on which judgment was rendered.

1ST EXCEPTION. At the trial of this cause, the plaintiff to support the issue on his part joined, offered in evidence to the jury the following promissory note, which was admitted to be in the handwriting of the defendant, which is as follows:

UPPER MARLBOROUGH, *28th Sept.* 1837.

$350. Two years after date, I promise to pay *T. R. S. Boyce*, or order, three hundred and fifty dollars, for value received, with interest, payable at the *Bank of Baltimore*.

JAMES MULLIKEN.

The defendant to support the issue on his part joined, then proved to the jury by *William D. Bowie*, a competent witness, that he was present when the contract was made, for which the said note was given, and that said note was given for the

purchase money of a brown mare, sold and delivered by plaintiff to defendant, who kept possession thereof until the mare died; that the said plaintiff sold the said mare, and the defendant purchased the same on the express stipulation and condition on the part of the plaintiff *that she was a thorough bred animal,* and that the plaintiff promised to furnish to the defendant a certificate *to that effect from the breeder, a Mr. A. S. Allen, of Virginia,* and at the time of said sale, gave to the defendant a short memorandum of her pedigree, which said memorandum he declared contained her true pedigree, but it was declared unsatisfactory at the time by the defendant, on the ground that it did not *trace the pedigree of said mare far enough,* and that it was not the breeder's certificate; and thereupon the plaintiff assured the defendant that he would obtain a certificate that the said mare was thorough bred, from the breeder, a *Mr. A. S. Allen* of *Virginia,* and send the same to defendant, and defendant agreed to receive such certificate as evidence of that fact, on which assurance being given, the defendant then executed the said note, on which this suit is brought. The defendant then proved by the same witness, that about eighteen months afterwards, the defendant called on the plaintiff in *Baltimore,* for the pedigree of said mare, and demanded the certificate from the breeder, of her being a thorough bred animal, and that the said certificate was not furnished by the plaintiff at that time, but the plaintiff promised to furnish it at some future time, which defendant agreed to. The plaintiff then proved by the said witness, that some eight months, or a year afterwards, and before the commencement of this suit, a paper purporting to be *a certificate of pedigree of said mare,* from *Mr. A. S. Allen,* the breeder of said mare, was enclosed in a letter from the plaintiff to the defendant, through the mail, and that said paper was received by the defendant. The defendant then proved, that the said paper, purporting to be a certificate of the pedigree of said mare, was objected to by him to the witness at the time of its reception, but the plaintiff was not present, on the ground that it was not a certificate of the said mare's being a thorough bred animal. Upon the

foregoing evidence the defendant prayed the court to instruct the jury, that it was incumbent on the plaintiff before he could recover in this action, to prove that the said mare was a thorough bred animal, and that unless they find from the evidence that the said mare was a thorough bred mare, that then they must find a verdict for the defendant, but the court (STEPHEN, C. J., and KEY, A. J.) refused to grant the said prayer, but were of opinion and so instructed the jury, that if the jury find from the evidence in the cause that the note on which this action is brought, was passed by defendant for a mare represented by plaintiff to be thorough bred, and that plaintiff agreed to furnish defendant a certificate of her being thorough bred, as evidence of that fact, then the plaintiff cannot recover, unless he shews a compliance with the contract, by having furnished such a certificate within reasonable time from the time of the contract; to which opinion of the court refusing to grant the defendants's prayer as asked for, and to their opinion as given, the defendant excepted.

2ND EXCEPTION. At the trial of this cause, after the evidence had been given, which is contained in the first bill of exceptions, which by agreement is made a part of this bill of exceptions, the defendant offered to prove by *William D. Bowie,* a competent witness, that the sum of $350, the amount of the note on which this suit was brought, was agreed to be paid by the defendant to the plaintiff, in consideration of her being sold as a thorough bred mare, and that said sum was more by $250, than the value of said mare, if she had been sold as a common or cold blooded mare, or any other common mare of her appearance and size, and then asked the said witness whether he had ever seen the pedigree of said mare, and from his knowledge of the pedigree of said mare, he considered her to be a thorough bred animal, but the counsel for the plaintiff objected to the said witness answering said question, unless the defendant would produce the certificate of pedigree of said mare, and the court sustained the objection of plaintiff's counsel, and refused to permit the said witness to answer the said question; to which opinion of the court, and to their refusal as aforesaid, the defendant excepted.

3RD EXCEPTION. At the trial of this cause, and after the court had given the opinion expressed in the second bill of exceptions, which by agreement is incorporated with and made a part of this bill of exceptions, *the defendant, for the purpose of letting in secondary proof of the contents* of said certificate of pedigree, proved to the court by the testimony of *William D. Bowie*, a competent witness, that the certificate of the pedigree of said mare, which was furnished by the said plaintiff to the defendant, in the manner and at the time stated in the preceding bills of exceptions, was at one time in the possession of the witness, and its contents were read by him; that he returned said certificate to the said defendant, who at the time lived with the said witness, although said defendant owned a plantation and house, to which he frequently went, and where witness has seen papers which he supposes belonged to defendant; that said witness has himself looked for the said certificate of pedigree, and has not been able to find it, and that he has seen the defendant look among the papers at witness' house in a drawer where the said defendant usually kept such of his papers as were of much importance, and that the said certificate of pedigree was not found by the said defendant. Witness further stated, that he had no knowledge of any search made in any other place by the said defendant, and that the said witness does not know that said defendant had papers at his own plantation house, nor does he know that said defendant ever made any search for said certificate of pedigree at the latter place; but the court rejected the said evidence, so as aforesaid offered, and were of opinion that the said evidence was not legally sufficient to warrant the introduction of any secondary or parol proof of the contents of said certificate of pedigree; to which opinion of the court, and their refusal to suffer any parol proof to go to the jury of the contents of said certificate of pedigree, the defendant excepted.

The defendant appealed to this court.

The cause was argued before ARCHER, DORSEY and CHAMBERS, J.

By T. F. Bowie for the appellants, and
By W. H. Tuck for the appellee.

Archer, J., delivered the opinion of this court.

By the contract between the parties, the representation of the plaintiff was gratified by the adduction of the breeder's certificate that the mare was thorough bred. The prayer, therefore, of the defendant, which called upon the court to say that the plaintiff could not recover unless the jury believed the mare was thorough bred, could not be gratified; the plaintiff being entitled to recover the full amount of the note, if the jury should believe the plaintiff had produced the breeder's certificate, according to the terms of the contract. The prayer was wrong in another respect; for had the plaintiff failed to comply with his representation, he would still have been entitled to recover the value of the mare actually sold, as an animal not thorough bred.

In the instruction given by the court, the only error we perceive, is in their instructing the jury that the plaintiff could alone recover, upon the production of the breeder's certificate. If the plaintiff failed to produce evidence of this, still he was entitled to recover the value of the animal, as one which was not thorough bred. But the defendant is not prejudiced by this error; on the contrary it might have proved beneficial to him, and we cannot therefore reverse the judgment of the court in this respect.

We concur with the court below in the opinion by them expressed in the second bill of exceptions.

The witness is, in effect, asked to speak of the contents of a paper writing or document, without its production, for although he is asked whether, from his knowledge of the pedigree of the mare, he considered her to be a thorough bred mare, yet the question has manifestly reference to the pedigree detailed in a paper which he is asked if he had seen, as the foundation for the question in relation to his opinion of the pedigree.

9          vl.

We also think the court were right in refusing to permit the evidence of the contents of the certificate to be given in evidence to the jury, as a proper foundation had not been laid for the introduction of such evidence.

**JUDGMENT AFFIRMED.**