JOHN F. CONOLLY *vs.* KETTLEWELL & WILSON.—*Dec.* 1843.

It is the province of the jury to decide all questions of fact of which evidence legally sufficient for that purpose is laid before them, and it is equally the right and duty of the court to decide all questions of law arising upon the facts, when found and ascertained by the jury.

The plaintiff proved that all the articles mentioned in his account, were *selected* by S, and that he *refused to deliver* them until he saw the defendant. He then asked the defendant, "will you pay for the goods if *delivered* to S, and he did not?" Defendant answered, if S did not pay, he would. The goods were then entered on the plaintiff's books, "*secured by*" defendant. Under such circumstances, the defendant cannot require the court to say to the jury, "that the promise to see the plaintiff paid, if S did not pay, not being in writing, is void by the statute of frauds, and plaintiff cannot recover," as it took from the jury the right of finding the truth of the facts of which evidence had been offered.

In effect, the proof in the case, if believed by the jury, subjected the defendant to separate and secondary, and not an original or a joint responsibility.

Where the plaintiff below obtained a verdict, and the defendant brought the cause before this court on exceptions, and it appeared that the contract relied on and proved, was void under the statute of frauds, being a collateral, and not an original undertaking. After a reversal of the judgment, the plaintiff's motion for a procedendo was overruled.

APPEAL from *Baltimore* County Court.

This was an action of *Assumpsit*, brought by the appellees against the appellant, on the 16th May 1840, for goods sold and delivered. The defendant pleaded non-assumpsit and limitations, on which issues were joined.

1ST EXCEPTION. The plaintiff, to support the issue on his part, proved by *John Higinbothom*, that he was the clerk of the plaintiff in 1836 and 1837, and at the time when the articles charged in the account of the plaintiff, as following, were sold and delivered.

"Mr. JAMES STERLING, *secured by John F. Conolly,*
*Bought of Kettlewell, Wilson & Hillard.*

1837, Feb. 13. 1 bb'l 1st quality sugar, bb'l 25c. 237 lb. at 10 c. $23.95, &c. Amounting in the whole to $624.16."

That all the articles in said account were selected by *James Sterling* and by one of the plaintiffs; entered in the day-book of plaintiffs to *James Sterling*, as follows: "*Mr. James Sterling, bought of Kettlewell, Wilson & Hillard.*" But the goods therein contained were not delivered by the plaintiffs, and the plaintiffs refused to deliver them to *Sterling* until they saw the defendant. That plaintiff then asked *Conolly*, will you pay for these goods if delivered to *Sterling*, and if *Sterling* did not. That *Conolly* answered the plaintiffs, that if *Sterling* did not pay the amount of the goods, he would pay; and that afterwards, on the books of the plaintiff, in the account of *Sterling*, the following words were written, "*secured by John F. Conolly,*" by the plaintiffs, and the goods were, after said promise, delivered by the plaintiffs to *Sterling;* and further proved, that the said *Sterling* had previously applied to purchase goods from the plaintiffs on his own credit, and had been refused. Whereupon the defendant moved the court to give the following instruction:

"That in this case the promise to see the plaintiffs paid, if *Sterling* did not pay, not being in writing, is void by the statute of frauds, and plaintiff cannot recover." Which instruction the court (ARCHER, C. J., and PURVIANCE, A. J.,) refused to give. The defendant excepted.

2ND EXCEPTION. The plaintiff having offered the evidence in the preceding exception, and which is made part of this, the defendant further prayed the court to instruct the jury as follows, to wit: "That there is no evidence in this cause to shew that there was a joint responsibility of *Sterling* and *Conolly* for the sale and delivery of the goods to *Sterling*, now sought to be recovered." Which instruction the court refused to give. The defendant excepted.

The cause was argued before STEPHEN, DORSEY, and SPENCE, J.

By RICHARDSON, D. A. G., for the appellants, and
By McMAHON for the appellees.

STEPHEN, J., delivered the opinion of this court.

We think the court were clearly right, in refusing to grant the defendant's first prayer, made in this case. It was an action founded upon a collateral promise to pay the debt of another person, to whom goods were delivered by the plaintiffs. The prayer to the court was to instruct the jury, that the promise of the defendant to see the plaintiffs paid, if the principal debtor did not pay, not being in writing, was void by the statute of frauds, and the plaintiff, therefore, could not recover. It is the province of the jury to decide all questions of fact, of which evidence legally sufficient for that purpose is laid before them; and it is equally the right and duty of the court to decide all questions of law, arising upon the facts, when found and ascertained by the jury. The granting of the prayer made by the defendant of this case, would have violated this well established principle in law, defining the jurisdiction of the court and the jury in the administration of civil justice. The court were called upon to assume the existence of facts

which it was the exclusive province of the jury to find. The prayer assumes the truth of the facts of which evidence had been given, without submitting the verity thereof to the finding of the jury. To have granted such a prayer, would have been an unwarrantable encroachment upon the province of the jury, and it was therefore properly refused by the court.

We think there was error in the refusal of the court below to grant the defendant's second prayer. The undertaking of the defendant, according to the proof in the cause, clearly subjected him to a separate and secondary, and not an original or joint responsibility. The contract was to pay, if the person to whom the goods were delivered did not. The goods were charged to him in the day-book of the plaintiffs, and the plaintiffs refused to deliver them until they saw the defendant. When they saw the defendant, they asked him if he would pay for the goods, if the party to whom they were to be delivered, did not pay. And it is proved, that his undertaking was expressly a conditional one to pay, if the person to whom the goods were delivered, did not pay. That this was a collateral and not an original undertaking, is clearly established by the case of *Elder vs. Warfield,* to be found in 7 *Harr. & John. Rep.* 391, where this court say, "where there is no previously existing debt or other liability, but the promise of one, is the inducement to, and ground of, the credit given to another, by which a debt or liability is created in him to whom the credit is given, such a promise is a collateral undertaking. The general rule being, that wherever the party undertaken for, is originally liable upon the same contract, the promise to answer for that liability is a collateral promise, and must be in writing, as if B gives credit to C, for goods sold and delivered to him, or the promise of A to see him paid, or to pay him for them if C should not, in that case it is the immediate debt of C, for which an action will lie against him, and the promise of A is a collateral undertaking to pay that debt, he being only as a security. This case is not distinguishable in principle from the one here put, as an example or illustration of the nature and character of a collateral liability; and we think that the

court below erred in refusing to grant the defendant's second prayer; that there was no evidence of a joint responsibility of *Sterling and Conolly*, for the payment of the goods sold and delivered to *Sterling*, *Conolly* was manifestly a security only, and not originally and jointly liable with *Sterling*, for the price of the goods sold and delivered.    JUDGMENT REVERSED.

Motion by appellee for a procedendo overruled.