# WILLIAM C. GLENN *vs.* ISAAC ROGERS, Adm'r of JOSEPH M. ROGERS.

As to the time and place of service of notice to produce papers no precise rule can be laid down, except that it must be such as to enable the party under the known circumstances of the case to comply with the call.

Notice served when the jury to try the case was about being drawn, and it did not appear that the paper was in court, is insufficient.

A witness stated in substance that he never looked for the particular paper among those of his intestate, though he had made a general examination for such as were of value or importance, that he had found no such letter, and that it might possibly then be among the papers. HELD, that this was not sufficient evidence of the loss of the letter to admit secondary proof of its contents.

The law requires *bona fide* and diligent search for the paper itself in the place where it is most likely to be found.

The degree of diligence depends on the character and value of the paper, but the party relying on secondary proof must show that he has, in good faith, exhausted, in a reasonable degree, all the sources of information and means of discovery accessible to him, which the nature of the case would suggest.

Facts are sometimes proved by parol of which there is evidence in writing;

Glenn *vs.* Rogers.

if a written communication be *accompanied* by a verbal one to the same effect, the latter may be received as independent evidence, though not to prove the contents of the writing nor as a substitute for it.

Where no verbal message of the same import was sent, but the witness simply stated that he took a note containing a request from the writer to return a sum of money loaned, and the party to whom it was given read it and in reply told witness to say to the writer, that "he would bring it up:" HELD, that both the evidence and reply were properly rejected.

A guaranty by a third party of the vendor's warranty of the soundness of a horse, is a collateral undertaking and must be in writing, and where the party making such guaranty paid the purchase money for the horse to the vendor, at the purchaser's request, the latter cannot rely upon such parol agreement as a defence to an action at law against him by the guarantor to recover the money so paid.

Where the party appealing could not have been prejudiced by the erroneous granting of a prayer, this court will not reverse the judgment for such error.

An instruction that the plaintiff is entitled to recover upon certain stated facts, even though the jury find a certain agreement made by plaintiff with defendant, "*said agreement not being in writing*," is erroneous, because it *assumes* that the agreement was not in writing.

APPEAL from Baltimore county court.

This was an action of *assumpsit*, brought by the appellee, to recover money loaned by his intestate to the appellant. The plea was *non assumpsit*, with notice of set-off.

*1st Exception.* The plaintiff proved that the defendant, Glenn, purchased a mare from one Barber, for $250, and on the next day, by a written order, dated 20th of October 1845, requested Rogers, the plaintiff's intestate, to advance the money for him to Barber, which Rogers did. Proof was then offered by defendant tending to prove that he bought the mare from Barber with a warranty of soundness, and upon the verbal guaranty by plaintiff's intestate of this warranty by Barber. It was also proved, that defendant complained that he had been deceived by Barber, and that the mare did not turn out well, and that he intended to hold Barber liable for damages.

The defendant then proved, that after the case had been called, and while a list of the jurors was about to be furnished to the counsel, but before the jury were empannelled,

40      v.3

he caused notice to be served on the plaintiff's counsel, to produce a note written by defendant to plaintiff's intestate, about the winter or fall of 1846, requesting him to return a sum of money theretofore borrowed by said intestate from defendant, the amount being between fifty and sixty dollars. And then, further to lay the foundation on which to admit secondary evidence of the contents of said note, proved by a witness, who was a partner of the intestate in 1845 and 1846, that no such note was among the papers of said copartnership, that the intestate kept his private papers in a private desk, all of which were, after his decease, taken possession of by plaintiff; then further proved by plaintiff, who consented to be sworn, that he had made a general examination of the papers of his intestate for all papers of importance or value, and that he found no such paper as the one described in said notice, but he did not search particularly for such a paper, and that the same might possibly now be among his papers. And though he found the paper signed by the defendant on the 20th October 1845, he has no recollection of seeing any other paper whatever with the name of the defendant signed thereto, and that part of said intestate's papers are in Harford county, where plaintiff resides, and part are in Baltimore city. Thereupon defendant offered to prove by a witness, that during the winter or fall of 1846, witness, at the request of defendant, carried an open note to said intestate, which contained a request from defendant, the writer thereof, that said intestate would return to defendant some money loaned by defendant to him, being in amount between fifty and sixty dollars; that said intestate read said note, and thereupon told witness to say to defendant that "he would bring it up." But the court, (LE GRAND, A. J.,) refused to allow this evidence to be given, and defendant excepted.

2nd Exception. The plaintiff asked instructions to the jury: 1st. If they find that plaintiff's intestate, at the request of defendant, paid $250 to Barber, being the purchase money agreed to be paid to said Barber for a certain mare sold by him to defendant, then plaintiff is entitled to recover said

sum, with interest from the time it was so paid, unless they shall find that it has been since paid to the intestate, or the plaintiff, his administrator. 2nd. If they find that the order, dated October 20th, 1845, was drawn by defendant on Rogers for the amount agreed to be paid by defendant to Barber, for the purchase of a mare sold to defendant by Barber; and that Rogers did, in pursuance of said order, pay the amount of it to Barber, and that the claim made in this cause is for that sum so paid, then plaintiff is entitled to recover, even though the jury should find that Rogers, at the time of the sale, agreed to become security for the faithful performance by Barber of his contract with defendant, said agreement not being in writing; both of which the court granted and the defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before ECCLESTON, MASON and TUCK, J.

*Thomas G. Pratt* for the appellant.

*1st Exception.* No *particular* time is established by decided cases or by elementary writers, within which such notices are required to be given. The sufficiency of the notice, in point of time, must depend upon the circumstances of each case. If a paper be in the possession of counsel at the trial table, a notice given whilst a witness is on the stand has always been held sufficient to allow the witness to speak of the contents of the paper if the party declines to produce it. In this case, except for the proof volunteered by the plaintiff, the notice would not have been in time, but it is submitted, that this evidence was sufficient to let in the secondary proof. The general rule is, that parol proof of the contents of a written paper will not be received. The exception is, that such evidence will be received where the paper is lost or cannot be produced, and the loss or inability to produce the paper is *the question* for the decision of the court, upon which depends the admissibility of the parol proof. If the court should be

satisfied by the preliminary evidence that the paper is lost; the secondary evidence is admissible; and if the party is prepared to prove the loss of the paper, it is all that the law requires.

In this case the defendant proved by the voluntary evidence of the plaintiff, that the papers of his intestate were all examined by him, and that the paper in question was not amongst them.   The law presumes that the papers of his intestate are in the plaintiff's possession, and as he proves that this paper is not in his possession, he proves its loss sufficiently to let in secondary proof of its contents.

The plaintiff had the right to rely upon the inadequacy of the notice in point of time, but by being examined himself as to the loss of the paper, he has waived the right to interpose that objection, and the court below, therefore, erred in refusing to permit the proof to go to the jury.

The court also erred in the refusal, because the testimony was admissible, even if the note was in existence.   There can be no doubt, that parol evidence is admissible to prove a fact by virtue of its own weight and authority, notwithstanding the existence of collateral written evidence to prove or disprove the same fact.   The mere circumstance, that a written instrument exists, which may be made evidence of a particular transaction, does not exclude oral testimony either to prove or disprove the fact, *unless that written instrument be by law constituted* the authentic and *sole* medium of proving that fact. It is conceded, that where facts are required by statutory provisions to be evidenced by writing, (as for example the statute of frauds,) or where the *contract* itself is reduced to writing, *written evidence* can alone be relied on; but it is utterly denied that any rule of evidence prohibits a party from proving a fact by *oral* testimony, because of the existence of written evidence of the *same fact.    Owings vs. Wyant*, 3 *H. & McH.*, 393. *Widdifield vs. Widdifield*, 2 *Binney*, 245.    *Beeler vs. Young*, 3 *Bibb.*, 520.    *Gratz vs. Wilson*, 1 *Halsted*, 419.    *United States vs. The Jason*, 1 *Pet. C. C. Rep.*, 450.    *Price vs. Read*, 2 *H. & G.*, 294.    *Southwick vs. Hayden*, 7 *Cowen Rep.*, 335.

The message, at any rate, which was sent by the plaintiff's intestate, "that he would send it up or carry it up" should have been admitted, for that, at least, was not in writing, and was, with his other testimony, evidence to go to the jury, tending to prove an indebtedness at that time on the part of the plaintiff's intestate to the defendant.

*2nd Exception.* In the argument of the law of the second exception, I beg to remind the court, that defendant had offered proof to show, that plaintiff's intestate had *guaranteed* the vendor's warranty of the horse, and had paid for the horse at the request of defendant; that the horse was unsound; and that the suit was instituted to recover from defendant the money so paid to the vendor of the horse.

The first prayer excludes altogether from the jury the proof offered by defendant, and the second assumes the defendant's testimony to be true, but instructs the jury that the plaintiff is entitled to recover, notwithstanding that proof, *because* the guaranty of the plaintiff's intestate was *not in writing.*

If the position of the parties were reversed—if this were a suit by the defendant against the plaintiff upon this guaranty, it might be necessary to argue the question, whether the guaranty is void under the statute of frauds? Whether it would be looked upon as the promise to pay the debt of a third party, or would be considered as an assurance to defendant, that he might rely upon the word and promise of the vendor, and which being false, would entitle the defendant to recover for any loss he might have sustained, in consequence of his relying upon such false representation?

But this is not a suit upon this guaranty; it is a suit by the administrator of the *guarantor*, to recover back money which the prayer concedes his estate would have been bound to pay if his agreement had been in writing. The court is familiar with the class of cases where oral agreements, void by the statute, in part performed, or admitted by the parties to have been made, have been enforced by courts of equity. *Worley vs. Walling,* 1 *H. & J.,* 208.

This is the only case in which the law of the second prayer has been attempted to be maintained. The legal proposition

is, that the plaintiff is entitled to recover the money paid for the horse, because the guaranty or agreement, which, if in writing, would have compelled him to pay, was merely oral, and therefore void by the statute; that a court of equity will enforce the specific performance of an oral agreement void by the statute, if in part performed; but a court of law will permit a party who has *performed* his oral agreement, by paying money thereby required to be paid, to recover back the money, because he had paid in conformity with a mere *oral* agreement.

The attempt will be made to distinguish the case, in some way, from what I have supposed it to be, but it is impossible to contend, that the second prayer does not admit the liability of the plaintiff's intestate by the oral guaranty, and claim exemption because of its not being in writing; that is the case upon which this argument is predicated.

*Coleman Yellott* for the appellee.

It will be found, upon examination of the evidence, that there was not the slightest *legal testimony* to prove that the horse was unsound. The witness did not pretend to have any personal knowledge upon the subject; and he only says, "I have heard William C. Glenn complain of being deceived by said William Barber, with reference to the sale of the mare; Mr. Glenn did say that he intended to hold Barber liable for the damages sustained by him." This evidence was competent only to show, that defendant held Barber liable on the contract, and that therefore the guaranty of Rogers was merely *collateral.* This the defendant's declarations were competent to prove; but they were not evidence to establish the fact that the mare was unsound. It is well settled, that testimony may be properly admitted for one purpose, and rejected as to others. *Goodhand vs. Benton,* 6 *G. & J.,* 488. *Sothoron vs. Weems,* 3 *G. & J.,* 435, 441. If we are correct in this construction of the evidence, much of the argument of the appellant's counsel must fall.

It seems to be conceded that, according to general principles, the promise or guaranty of the plaintiff's intestate, not being in *writing,* was void. It is, therefore, only necessary to refer,

on this point, to *Roberts on Frauds*, 207, 208.    *Theobald on Principal and Surety, ch. 2 and 3.    Elder vs. Warfield*, 7 *H. & J.*, 391, 396.

The only other points necessary to notice are:—1st.  There was no evidence of the loss or destruction of the note referred to, which would authorise the admission of parol evidence of its contents.    The plaintiff, when examined, expressly stated, that "he did not search particularly for such a paper, and that the same might possibly now be among his papers."    In the case of the *State vs. Wayman,* 2 *G. & J.*, 283, 284, the court say: "This testimony is *inconclusive* and *unsatisfactory,* and leaves the mind *in doubt*, whether by a *further search* the record books sought for might not have been regained."    This is the general rule in all the cases, and under it the proof of *loss* was not sufficient.    2nd.  The notice was not sufficient, in point *of time,* to authorise the admission of secondary evidence.    Under this head we refer to 1 *Starkie on Ev.*, 91. *Doe vs. Grey,* 2 *Eng. Com. Law Rep.*, 391.    *How vs. Hall,* 14 *East,* 277.    *Utica Ins. Co. vs. Cadwell,* 3 *Wendell,* 296, 230.    *Gorham vs. Gale,* 7 *Cowen,* 739, 743.    *Fox vs. Lambson,* 3 *Halsted,* 275, 279.    *Ringgold vs. Galloway,* 3 *H. & J.*, 451.    *State vs. Wayman,* 2 *G. & J.*, 283, 284.    *Divers vs. Fulton,* 8 *G. & J.*, 208.    *Boothe vs. Dorsey,* 11 *G. & J.*, 252. *Mulliken vs. Boyce,* 1 *Gill,* 64, 66.    Some of these authorities are to the effect, that the notice must be reasonable in point of time, in order that the party may not only have an opportunity to produce the paper, but may also, if necessary, have an opportunity of producing evidence to *explain it.*    At least one of them, *(*3 *Halsted,* 279,*)* is to the effect, that the search must have been made not generally, but for the *identical paper*.    We are sure no case can be produced to show, that a notice like this was sufficient in *point of time*.    A portion of the plaintiff's papers were in Harford county, where he resided, and the notice was given only about *one hour* before the evidence was offered.    3rd.  Parol evidence of the contents of the letter not being admissible, the verbal answer of Rogers, as proposed to be proved, was properly rejected.    That answer was, "he would bring it up."    If we are right on the two first

points, then not one word could have been said as to the contents of the note. Under such circumstances the answer given was inadmissible, because calculated to mislead the jury. *What was he* "to bring up?" The answer could only be explained by the *letter*, which could not be spoken of. But even if the answer standing by itself was evidence, still it was of such a slight and inconclusive nature, that no prejudice was done to defendant by its rejection, and this ruling of the court below is, therefore, no sufficient ground for reversing its judgment. 3 *G. & J.*, 450. 9 *G. & J.*, 439.

Tuck, J., delivered the opinion of this court.

We are of opinion that the defendant did not lay a proper foundation for the introduction of parol proof of the contents of the letter mentioned in the first bill of exceptions. Before secondary evidence can be received the court should be satisfied that a reasonable opportunity has been afforded the opposite party to produce the original. The notice was served when the jury was about being drawn, and when the plaintiff could not have complied, in all probability, unless the paper was in court, which does not appear to have been the fact. Whether, if the paper had been in court, the notice would have been sufficient in point of time, we need not determine. "As to the time and place of the service, no precise rule can be laid down, except that it must be such as to enable the party, under the known circumstances of the case, to comply with the call." 1 *Greenl. Ev.*, sec. 562. 8 *Gill and Johns.*, 208, *Divers vs. Fulton.*

We also think, that the evidence offered of the loss of the letter, was insufficient. The law requires a *bona fide* and diligent search for the paper itself, in the place where it is most likely to be found. 1 *Greenl. Ev.*, sec. 558. 3 *Cowen's Philip's Ev.*, 1231. 3 *Halsted*, 275, *Fox vs. Lambson.* The degree of diligence will depend on the character and value of the instrument. But it must appear that the party relying upon the secondary proof has, in good faith, exhausted, in a reasonable degree, all the sources of information and means of discovery

Glenn *vs.* Rogers.

which the nature of the case would suggest, and which were accessible to him. We cannot say that this has been done in the present case. If the defendant had served timely notice on the plaintiff to produce the letter, the objection would have been obviated. Having omitted this, he relied on the evidence of the plaintiff, who consented to be sworn for this purpose, the substance of whose statement is, that he never looked for this particular paper among those of his intestate, though he had made a general examination among them for such as were of value or importance, that he had found no such letter, and that it might possibly then be among them. If this paper were necessary to maintain the plaintiff's action it is impossible to suppose that such an examination would let in parol proof of its contents. Why should it be deemed sufficient when offered by the defendant to defeat the claim? This case is not distinguishable in principle from *State vs. Wayman*, 2 *G. and Johns.*, 283, *and Mulliken vs. Boyce*, 1 *Gill*, 60, in the former of which the proof of loss was said to be inconclusive and unsatisfactory, and left the mind in doubt whether by a further search the record books sought for might not have been found.

It is said, however, that the evidence of the witness was admissible, although the paper was not shown to be lost, because it was offered to prove an independent fact which need not be established by written evidence. Facts are sometimes proved by parol of which there is evidence in writing. The authorities referred to on the part of the appellant furnish examples. 2 *Binney*, 245. 3 *Bibb*, 520. 1 *Halsted*, 419. 7 *Cowen*, 335. And others are given in 1 *Greenlf. on Ev. sec.* 90. The rule applicable to cases like the one before us is thus stated: "If a written communication be *accompanied* by a verbal one, to the same effect, the latter may be received as independent evidence, though not to prove the contents of the writing, nor as a substitute for it." We do not understand that this witness carried a verbal message to the plaintiff's intestate of the same import with the written communication. He spoke of the contents of the letter. The reply

given by Rogers, standing alone, means nothing, though it would have been evidence in connection with the letter if in the cause, or with the verbal message, if one had been sent with the letter. It could only have received character and force from proof of the matter to which it related, to wit, the contents of the letter. The evidence offered being merely a substitute for the letter, and the reply by itself, having no relation to the subject matter in controversy, both were properly rejected.

The second exception was taken to two instructions granted at the instance of the plaintiff. There is no material difference between them, except that the last refers to the supposed guarantee by the plaintiff's intestate. This was a collateral undertaking, and should have been in writing. *Elder vs. Warfield,* 7 *H. & J.,* 396. *Conolly vs. Kettlewell,* 1 *Gill,* 260. The argument on the part of the appellant, as to performance cannot, in the present action, entitle him to rely upon the parol agreement.

But we think that the second prayer was erroneously granted because it assumes that the agreement was not in writing. For this reason, however, the record will not be remanded, for the defendant could not have been prejudiced by this error on the part of the court below. 3 *Gill and Johns.,* 472. 8 *Do.,* 111. The plaintiff had offered uncontroverted evidence of his claim, and even if the guarantee had been in writing, it would have been no answer to his cause of action, unless accompanied by proof of the condition and actual value of the mare at the time of the sale.

The witnesses stated that the defendant complained that she did not turn out well, and said he would hold Barber liable; but there was nothing to show the extent of damage by reason of defects in the mare, and the jury could have made no allowance on that account except upon conjecture. If the judgment were reversed, and a new trial had, such proof would not avail the defendant, because the agreement, under which alone it could be offered, is not in writing. 1 *Gill,* 260.

*Judgment affirmed.*