Cropper *vs.* Pittman.

(Decided March 11th, 1859.)

## ZORA H. H. CROPPER *vs.* EDWARD PITTMAN.

Whenever the party undertaken for is *originally liable* on the *same contract,* the promise to answer for that liability is *collateral* and must be in writing.

If one gives credit to another for goods sold and delivered, on the promise of a third person "to see him paid," or that "he would see the bill paid," such words *standing alone,* import a *collateral* and not an original *liability.*

Where the question, to whom was the credit given at the time of the sale and delivery of the goods, depends on inferences to be drawn from all the facts and circumstances attending the transaction, it is proper to leave that question to the *jury.*

But where the evidence is not *legally sufficient* to charge the defendant as upon an original undertaking and not collateral to the liability of another, it is error to leave to the jury to find that the goods were sold on his credit.

A prayer, "that if the jury find that the defendant agreed with the plaintiff to pay *the debt* contracted by J. S. C.," &c., is erroneous in *assuming* that the *debt was contracted by J. S. C.*

A prayer, that if the jury find "that the bond or promissory note of J. S. C. was taken by the plaintiff in settlement of his claim, &c., is erroneous in *assuming* the existence of a bond or note from J. S. C. to the plaintiff.

An instruction, "that if the jury find from all the evidence, that the goods sold in this case were sold on the credit of the defendant, then the plaintiff is entitled to recover," is erroneous in *assuming* that the goods were sold, and also defective in not requiring the jury to find the *delivery* as well as the sale of the goods.

APPEAL from the Superior Court of Baltimore city.

*Assumpsit,* brought on the 7th of January 1854, by the appellee against the appellant, to recover for goods furnished and delivered by the plaintiff to one John S. Cropper.

The declaration sets out, in its first count, that on the 26th of September 1850, the defendant, in consideration that the plaintiff would furnish and deliver to one John S. Cropper, goods to the value of $600, undertook and promised the plaintiff to pay him for the same, six months after their delivery, and that relying on this undertaking and promise, the plaintiff did furnish and deliver to the said John S. Cropper goods to the value of $600. The second count is for sundry matters properly chargeable in account, as by a particular account thereof herewith brought into court will appear. Plea, *non-assumpsit.*

*Exception.* The plaintiff proved by Wm. Horsey, that witness was salesman in the plaintiff's store, at the time the goods mentioned in the account filed in this cause were purchased;

that John S. Cropper was a stranger to witness, and was introduced to him at the store of Cropper & Hopkins, by the defendant, who stated to witness that "his brother intended to go into business in Virginia, and wished to purchase a bill of goods, and remarked that *he would see the bill paid;* that this conversation was in the morning, and in the afternoon of the same day, or the following day, John S. Cropper came to the plaintiff's store, and selected a bill of goods amounting to $515.42, which were put in a separate place; that after this, witness went to the defendant, "and asked him if he would accept a draft for the bill if the plaintiff would give two months extra time?" The defendant "declined to do this, but said *he would see the bill paid, as he expected his brother, John S. Cropper, to send some produce to market consigned to him in three months, and he would appropriate the amount to pay the bill; he said he would see the bill paid, if John S. Cropper purchased the goods of the plaintiff;*" witness reported what the defendant had said to the plaintiff, and the goods were delivered to John S. Cropper; that, at subsequent periods, the defendant gave witness orders for goods for his brother, John S. Cropper; that the goods were all charged upon the plaintiff's books to "John S. Cropper, Level Springs, Virginia."

Bryson Grundy, a witness for the plaintiff, proved that he was the plaintiff's book-keeper, at the time of the purchase of these goods; he produced the ledger in court, showing that the goods were all charged to "John S. Cropper, Level Springs, Virginia." In answer to a question by defendant's attorney, he says: "there was a bond taken from John S. Cropper; thinks there was a bond taken, but is not certain, for the bill first purchased by him; generally take those things but do not enter them either on the leger or bill book."

The defendant then asked the court to instruct the jury:

1st. That if they believe from the evidence, that the defendant agreed with the plaintiff to pay the debt contracted by John S. Cropper, if he did not, and that said agreement was not in writing, then the said agreement is a collateral undertaking, and void under the statute of frauds, and the plaintiff is not entitled to recover.

2nd. That if they find from the evidence, that the bond or promissory note of John S. Cropper, was taken by the plaintiff in settlement of his claim, and that at the time of the purchase, the goods were charged upon the books of the plaintiff to John S. Cropper, then the undertaking of the defendant is a collateral undertaking, and the plaintiff is not entitled to recover.

These prayers the court (LEE, J.) refused to grant, and instructed the jury, that if they find from all the evidence in this cause, that the goods sold in this case, were sold on the credit of the defendant, then the plaintiff is entitled to recover; but if they find that after the goods were sold, the defendant undertook to secure or pay to the plaintiff the amount due for the same, and that the promise or undertaking was not in writing, then the defendant is entitled to recover.

The defendant excepted, both to the refusal of his prayers and to the instructions given by the court, and, the verdict and judgment being in favor of the plaintiff, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Wm. Price* and *Thos. M. Lanahan* for the appellant:

1st. The promise of the defendant, that "he would see the bill paid, as he expected his brother, John S. Cropper, to send some produce to market, consigned to him, in three months, and he would appropriate the amount to pay the bill," is not tantamount to a promise to pay the debt, so as to make the undertaking an original one. 2 *Stephen's N. P.*, 1963, 1964; 1 *Ld. Ray.*, 224. 2 *Parson's on Cont.*, 499. The other words, that "he would see the bill paid," or "he would see the bill paid if John S. Cropper purchased the goods of the plaintiff," are identical with the words, "I will pay if he do not," which in *Conolly vs. Kettlewell & Wilson*, 1 *Gill*, 263, were held to import a collateral and not an original liability on the part of the party promising, where, as in this case, the original party to whom the goods were sold, remained liable on the same contract. In this case the goods were charged

25     v. 13.

upon the books of the plaintiff to John S. Cropper, and he' remained liable therefor. The undertaking of the defendant, was, therefore, a *collateral* liability. The true test in such cases now is, was the party purchasing the goods or undertaken for *liable* on the contract? *Smith's Law of Cont.,* 43, 44.

2nd. There was sufficient evidence in the cause, to authorise the court to grant the defendant's prayers, and refer to the jury the existence of the facts therein set forth, and if the jury found the facts there stated, the legal effect of such a contract, which the court was bound to pronounce, is well settled in the cases of *Elder vs. Warfield,* 7 *H. & J.,* 392, and *Conolly vs. Kettlewell & Wilson,* 1 *Gill,* 260.

3rd. If these views are correct, the instruction granted by the court was clearly wrong in point of law. It was also defective in *form,* because it *assumes* that the goods were sold, which fact should have been left to the finding of the jury.

*Whitney and Thomas* for the appellee:

1st. The court below was right in refusing the appellant's prayers, because the first *assumes* the fact, that the debt was contracted by John S. Cropper, and the second, the fact, that a bond or promissory note of John S. Cropper, was taken by the plaintiff—facts which should have been left to the jury, to find from all the evidence in the cause. 3 *Md. Rep.,* 162, *Gaither vs. Martin.* 4 *Md. Rep.,* 244, *Rail Road Co., vs. Woodruff.* 6 *Gill,* 259, *Brooks vs. Elgin.* 6 *G. & J.,* 71, *Crawford vs. Berry.* 1 *Gill,* 260, *Conolly vs. Kettlewell & Wilson.* The second prayer was also calculated to mislead the jury, inasmuch as it assumes the right of the defendant to a verdict on the facts therein stated, when all the facts and circumstances in the cause should have been left to them, from which to find the nature and character of the defendant's undertaking. 7 *H. & J.,* 392, *Elder vs. Warfield.* 1 *Pet.,* 476, *De Wolf vs. Rabaud. Brown on Statute of Frauds, sec.* 199.

2nd. The court below was also right in the instruction given to the jury, as it left to them to find from all the evidence and

circumstances in the cause, to whom the credit was given in the sale of the goods, and if that credit was given to the defendant, the plaintiff was entitled to recover. 7 *H. & J.*, 392, *Elder vs. Warfield. Brown on Statute of Frauds, sec.* 199.

TUCK, J., delivered the opinion of this court.

There is no substantial difference between this case and *Conolly vs. Kettlewell, et al.*, 1 *Gill*, 260, in which it was decided, that the defendant could not be held answerable, where he had promised to pay for goods, if another person did not, such words importing a collateral and not an original liability. It was laid down as a general rule, that wherever the party undertaken for is originally liable on the same contract, the promise to answer for that liability is collateral, and must be in writing, as if one gives credit to another for goods sold and delivered, on the promise of a third person "to see him paid." We cannot doubt, that John S. Cropper was liable for the goods delivered to him, or that the plaintiff considered him as debtor for them. They were selected by and charged to him, as was the state of facts in 1 *Gill*, 260; and there is nothing to show that he was not credited by the plaintiff. Sometimes the question arises, to whom was the credit given at the time of the sale and delivery of the goods, and it may depend on inferences to be drawn from all the facts and circumstances attending the transaction, as in *Elder vs. Warfield*, 7 *H. & J.*, 391; *Northern Central R. R. Co., vs. Prentiss*, 11 *Md. Rep.*, 119; *Smith's Law of Contracts*, 34, (56 *Law Lib.*) But if the court see that the evidence is not legally sufficient to charge the defendant, as upon an original undertaking not collateral to the liability of another, there is no propriety in sending the parties to a jury. Hence, in *Conolly vs. Kettlewell*, the Court of Appeals, deeming the words insufficient to create such a responsibility, reversed the judgment and refused a *procedendo*.

We are of opinion that the prayers on the part of the defendant were properly refused, because, the first assumes that the debt was contracted by John S. Cropper, when the question was, whether it was the original debt of the defendant;

and, as to the second, because it assumes the existence of a bond or note from John S. Cropper to the plaintiff.

The first instruction, on the part of the court, was erroneous, in assuming that goods were sold; and also, because it left to the jury to find, that they were sold on the credit of the defendant, when the evidence was not legally sufficient to warrant such finding. 1 *Gill*, 260. It was also defective in not requiring the jury to find the delivery as well as the sale of the goods. 7 *G. & J.*, 28, *Cole vs. Hebb.* We do not say, that in every case where the words, "I will see the bill paid," are used, they necessarily import a collateral undertaking, and that in no such case could the plaintiff recover, but, that where they stand alone, as here, they must be so interpreted. . If accompanied by other words or facts, sufficient to authorise a jury to find from all the evidence, that credit was given to the party using them, a different result might follow. Such was the case in 7 *H. & J.*, 391, where the defendant was held responsible; but this appeal is decided on the authority of *Conolly vs. Kettlewell & Wilson.*

*Judgment reversed and no procedendo.*