Hewlett and McElroy, Adm'rs, &c. *vs.* Home for Incurables.

(Decided 16th June, 1891.)

---

ANNIE W. HEWLETT and JAMES W. McELROY, Administrators c. t. a. of JAMES W. HEWLETT, and JAMES W. McELROY, Administrator of MARY A. HEWLETT, *vs.* THE HOME FOR INCURABLES OF BALTIMORE CITY,

*Life policy—Assignable interest.*

A father insured his life for the benefit of his three daughters. One of the daughters, during the life of her father, being in feeble health, was received into a hospital for incurables, an

Hewlett and McElroy, Adm'rs, &c. *vs.* Home for Incurables.

incorporated institution, as an inmate for life, in consideration of the payment of a hundred dollars, and of the execution of an instrument of writing whereby she assigned to the hospital, for the use of the same "all moneys, rights, credits, goods, chattels, and effects" which then belonged to her, or to which she was in any way entitled.  The daughter was maintained and supported in the hospital during her life.  She died before her father.  On the death of the father, and the payment of the amount insured to the trustee named in the policy, one-third of the amount was claimed alike by the hospital, the administrator of the deceased daughter, and the administrators of the deceased father.  HELD:

That the interest of the daughter in the policy was assignable, and was covered by the terms of the assignment, which was made for a valuable consideration, and passed thereunder to the hospital.

APPEAL  from  the  Circuit  Court,  No.  2,  of  Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, BRYAN, and McSHERRY, J.

*Frank Gosnell,* for the appellants.

The following authorities were referred to :  *German Aged People's Home vs. Hammerbacker, et al.,* 64 *Md.,* 595; *Dougherty and Reilly vs. Moore, at al.,* 71 *Md.,* 250; *Rittler vs. Smith, Adm'x,* 70 *Md.,* 265; *Whitridge vs. Barry,* 42 *Md.,* 150; *Emerick vs. Coakley, et al.,* 35 *Md.,* 191; *Williams vs. Thorp,* 2 *Simons,* 257; *Thompson vs. Speirs,* 13 *Simons,* 469–473; *Meek vs. Kettlewell,* 1 *Hare,* 464, 472, 474.

*Frank P. Clark,* for the appellee.

A policy of insurance is but a *chose in action* for "the payment of money."  *New York Life Ins.  Co. vs. Flack,* 3 *Md.,* 354.

Hewlett and McElroy, Adm'rs, &c. *vs.* Home for Incurables.

"A life policy is, like any other *chose in action*, assignable by the person *in whose favor* the contract is made." *Whitridge vs. Barry*, 42 *Md.*, 150; *Rittler vs. Smith, Adm'x*, 70 *Md.*, 265; *Burrill on Assignments*, 141, 151, 156; 1 *Perry on Trusts*, sec. 104; *Pingrey vs. Nat. Life Ins. Co.*, 144 *Mass.*, 374, 382; *Benefit Societies and Life Ins.*, secs. 292, 293, 294 *and* 301.

The terms of the assignment were sufficient to convey this interest.    Cases cited above, and also *Crane vs. Gough*, 4 *Md.*, 316.

The proceeds must be paid to the assignee direct, and not to the administrator of the assignor.    Foregoing cases, as also *Harrison vs. McConkey*, 1 *Md. Ch. Dec.*, 34.

BRYAN, J., delivered the opinion of the Court.

A special case was stated in the Circuit Court, No. 2, of Baltimore City.    The facts, so far as they are material to the present purpose, are as follows:    James W. Hewlett insured his life for the sum of twenty-seven hundred and four dollars, payable at his death to J. W. Guest, as trustee for Mary A. Hewlett, Sarah E. Hewlett and Alice Hewlett, daughters of the insured. James W. Hewlett died in 1889, and the amount of the insurance money was duly paid to Guest, the trustee. The question presented by the special case relates only to the one-third of this sum apportioned to Mary A. Hewlett.    She was admitted into a hospital known as "The Home for Incurables," on the twenty-third day of July, 1887, as an inmate for life, and she was there maintained and supported until her death, which occurred on the second day of December, 1887.    The hospital belongs to a corporation by the name of "The Home for Incurables of Baltimore City," which is chartered for the care and treatment of patients whose diseases are regarded as beyond cure, and for none others.    The objects of the corporation are purely benevolent and disinterested.

Patients are ordinarily required to pay one hundred dollars on admission to the Home, although in extreme cases they may be admitted on lower terms. After admission they receive support and medical attendance without charge, and are entitled to remain during the whole period of their lives, provided they comply with the rules of the Home. The sixth rule of the institution is in the following words: "Every patient possessed of funds when entering the Home will place such moneys or investments with the treasurer; the interest of such sum shall be used for the benefit of the patient, and at death the principal shall revert to the Home." Miss Hewlett paid to the corporation one hundred dollars, and executed and delivered to it a certain instrument of writing at the date of her admission to the Home; and in consideration thereof the corporation agreed to provide maintenance and support for her in the hospital during her life. The writing is in these words: "In consideration of being admitted into 'The Home for Incurables of Baltimore City,' I, the undersigned, do hereby assign, transfer, set over, and forever relinquish to the said 'The Home for Incurables of Baltimore City,' for the use of the said corporation, all moneys, rights, credits, goods, chattels, and effects now belonging to me, or to which I am in any way entitled; and I do further agree with and promise the said corporation, that if I shall hereafter receive or become entitled to any money or other property of any kind, real or personal, I will immediately give information thereof to the managers of the corporation, and will, if requested by them so to do, assign and transfer the same to the said corporation, if I remain in the Home.

"And I do also hereby promise and agree to comply with the rules of the institution as far as it may be in my power.

"Witness my hand this 23rd day of July, A. D., 1887.

MARY A. HEWLETT."

Hewlett and McElroy, Adm'rs, &c. *vs.* Home for Incurables.

The money in the hands of Guest, the trustee, was claimed by the corporation, and also by Miss Hewlett's administrator, and by the administrator of James W. Hewlett.    The Circuit Court decreed that it should be paid to the corporation; and the other parties appealed.

By the terms of the policy of insurance on her father's life, Miss Hewlett was entitled to one-third of the amount insured, payable at her father's death.    This was a *chose in action* for the payment of money, and could be transferred by assignment in writing by virtue of the *Act of 1829, chapter* 51.   *Rittler vs. Smith, Adm'x*, 70 *Md.*, 265.   It was a right to money payable on the happening of a future event which was absolutely sure to occur; although the time of the occurrence was uncertain.   The assignment was made for a valuable consideration of a highly meritorious character.   And its terms are of the most comprehensive description; they include all moneys, rights, credits, goods, chattels, and effects which then belonged to the assignor, or to which she was in any way entitled.   The *chose in action* belonged at that time to Miss Hewlett; although it was not capable of being reduced to possession until a future period.   It is true that it might be defeated by a forfeiture of the policy; but this circumstance in no way changed its character, or affected its assignability. The assignee took it in the same plight and condition as the assignor held it, and subject to such contingencies as might arise in the future.   There was a clause in the policy of insurance to the effect that no assignment of it should be valid, unless made in writing, and endorsed thereon.   Guest was the holder of the policy, as trustee; if he had assigned it and the assignee had brought suit against the insurance company, the question of the validity of the assignment would have arisen.   But the insurance company has voluntarily paid the money to the trustee.   It must certainly be in his hands for the use of such person as can make lawful claim to it through and

under Miss Hewlett; and, as we have said, her assignment is effective to vest it in the Home for Incurables. Notice to Guest was in no wise requisite at the time of the assignment, but if he had *bona fide* paid it away without knowledge of its existence he would have been protected.

We think that the decree of the Circuit Court ought to be affirmed.

<div align="right">

*Decree affirmed,*
*with costs.*

