KATHERINE A. McGLYNN, an Infant, by FRANK T. McGLYNN, her Guardian ad Litem, Respondent, v. ANNIE E. CURRY, Appellant, Impleaded with THE NEW YORK LIFE INSURANCE COMPANY.

*Twenty-year endowment insurance policy — a designation of a beneficiary cannot be changed — the rule as to benefit societies is inapplicable — waiver of a provision as to assignments.*

A person who had procured a twenty-year endowment policy of insurance upon her life, in which her niece was designated as the beneficiary in case of her death before its maturity, delivered the policy to her niece, using language sufficient to establish a completed gift. The policy was then deposited with a third person for safekeeping. Thereafter the insured obtained possession of the policy without the consent of her niece and made a request to the insurance company to change the beneficiary, declaring in the request that the policy had not been assigned. In compliance with this request, the insurance company made a memorandum upon the policy changing the beneficiary. The policy provided, "any assignment of this insurance bond must be made in duplicate and both sent to the home office, one to be retained by the company and the other to be returned," and also, "the company has no responsibility for the validity of any assignment."

In an action brought by the insured's niece against the substituted beneficiary and the insurance company to recover the amount of the policy, the insurance company did not dispute liability upon the policy, but simply asked for a determination as to which of the claimants was entitled to the fund.

*Held,* that the insured's niece acquired, by virtue of the gift of the policy to her, an absolute title thereto, and that the insured had no power to designate a new beneficiary without her consent;

That the provisions of the policy relative to the assignment thereof were designed for the protection of the insurance company, and that the insurance company waived the benefit of these provisions by conceding its liability upon the policy and asking for a determination of the question of the ownership of the fund;

That the rule that a member of a benefit society has an unqualified right under the statute to change his beneficiary without consulting the latter, has no application to a policy issued by an insurance company organized for profit.

APPEAL by the defendant, Annie E. Curry, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 28th day of October, 1902, upon the decision of the court rendered after a trial at the Kings County Special Term.

*J. Brownson Ker* [*M. P. O' Connor* with him on the brief], for the appellant.

*Howard A. Sperry* and *Elmer G. Story*, for the respondent.

Woodward, J.:

On the 6th day of June, 1901, one Belle S. McGlynn, in con-sideration of the payment of seventeen dollars and twenty-three cents, and her agreement to pay the like sum on the twenty-seventh day of August, November, February and May thereafter in every year, obtained from the New York Life Insurance Company a twenty-year endowment policy upon her life, and designated the plaintiff, her niece, as the person to whom the insurance money should be paid in case of the death of the insured before the maturity of the policy. Upon the delivery of this policy to the insured she delivered the same to her infant niece, the plaintiff in this action and the beneficiary named in the instrument, using the language which the court has found sufficient to establish a com--pleted gift. The evidence, we believe, is sufficient to support the conclusion reached below. The policy was then, at the mutual request of the said Belle S. McGlynn and the plaintiff, delivered into the hands of Frank T. McGlynn, the uncle of both of the parties mentioned, for safekeeping, and was by him deposited in a safe in his house. It remained there for some months, when it was sent by the plaintiff's mother, with other papers belonging to Belle S. McGlynn, to the insured, but without directions either from the infant or from her father, who was then living, and with no inten-tion on their part, so far as the evidence discloses, to part with its ownership. The insured had, in the meantime, gone to live with Annie E. Curry, the defendant. She was ill with measles, develop-ing pneumonia, and four days before her death she made a written request to the New York Life Insurance Company to change the beneficiary to the defendant, declaring in her letter that the policy was not then assigned, to comply with a provision in the policy that a change of beneficiary might be made at any time, if the policy had not then been assigned. The company made the memorandum on the policy changing the beneficiary, and it is before this court, not as a contestant, but for the purpose of having determined which one of the claimants is entitled to the money. The learned court at

Special Term, by deciding that there was a completed gift of the
policy to the plaintiff, has defeated the change of beneficiary
attempted to be made by the insured, and the defendant Curry
appeals from the judgment.

We find no difficulty in holding that the evidence in this case
supported the conclusion of the court at Special Term; there can
be no reasonable doubt that the insured delivered and intended to
convey to the plaintiff the policy of insurance, and the law is fairly
well established that no written transfer was necessary; that the
unqualified delivery of the policy to her for the purpose of vesting
title in her was sufficient to produce that result. (*Matter of Bab-
cock*, 12 N. Y. St. Repr. 841; *Marcus* v. *St. Louis Mutual Life
Ins. Co.*, 68 N. Y. 625; *Olmsted* v. *Keyes*, 85 id. 593, 599, and
authority there cited.) The fact that there was no consideration
passing between the parties is of no consequence; the policy had
the character of personal property (Stat. Const. Law [Laws of 1892,
chap. 677], § 4), and it is clearly within the power of the owner of
such property to make a valid gift of the same. This gift having
been consummated, the interest of the plaintiff was in the whole con-
tract and not merely from year to year, and so far only as it was exe-
cuted. (*New York Life Ins. Co.* v. *Statham*, 93 U. S. 24.) She had
the right, if the insured failed to pay the premiums, to pay them her-
self and thus continue the policy in force. As a necessary result of
this ownership the insured could not surrender this policy without the
assent of the owner (*Whitehead* v. *N. Y. Life Ins. Co.*, 102 N. Y.
143, 152, 153, and authorities there cited), nor could she change the
beneficiary. The policy clearly recognizes the right of the insured to
assign it in the 2d paragraph of its bond or policy, and while it is pro-
vided that "any assignment of this insurance bond must be made in
duplicate and both sent to the home office, one to be retained by
the company and the other to be returned," this is merely for the
protection of the company, and this has been waived by the latter
by interpleading in this action and asking for the settlement of the
ownership of the fund, which is conceded to be due. (*Hamilton* v.
*City of Buffalo*, 55 App. Div. 423, 428, and authorities there cited.)
The policy declares, not that an assignment shall be void, but that
" the company has no responsibility for the validity of any assign-

ment;" that is, it does not undertake to determine any question connected with the assignment, and that is the reason why it is here asking the court to determine the ownership of the fund which is conceded to be due under the policy. (See *Kimball* v. *Lester*, 43 App. Div. 27, 32.)

A member of a benefit society has the unqualified right under the Insurance Law (Laws of 1892, chap. 690, § 238, as amd. by Laws of 1901, chap. 397) to change his beneficiary without consulting the latter (*Fink* v. *D., L. & W. Mutual Aid Society*, 57 App. Div. 507, 512), but this is merely his right as against the society, whose by-laws govern the method of procedure, and has nothing to do with the case of a policy issued by an insurance company organized for profit, and which has been given to the beneficiary named in the policy. Such a policy is not a contract of assurance for a single year, with a privilege of renewal from year to year by paying the annual premium, but is an entire contract of assurance for life, subject to discontinuance and forfeiture for non-payment of any of the stipulated premiums. Each installment is, in fact, part consideration of the entire insurance for life (*New York Life Ins. Co.* v. *Statham*, 93 U. S. 24, 30), and when the insured, in the case at bar, made her initial payment and delivered the policy, with intent to convey ownership in the plaintiff, there was a value involved of which the plaintiff could not be divested by any subsequent act on the part of the insured without her consent. The plaintiff, by reason of the consummated gift, had a property right in the whole contract, and while this might be forfeited by a failure on the part of the assured or the plaintiff to make the quarterly payments provided for in the policy, the insured had parted with the right to transfer this policy or its benefits to any other person than the beneficiary named, and her letter requesting the company to insert in the policy the name of a new beneficiary could not operate to vest in the defendant Curry any right to the money which is now conceded to be due under the policy.

The judgment appealed from should be affirmed, with costs.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and HOOKER, JJ., concurred.

Judgment affirmed, with costs.