LAURA P. FITZGERALD et al. *vs.* JOSHUA S. RAWLINGS et al.

*Validity of Assignment of Life Insurance Policy to Creditor—Assignee Entitled to Entire Proceeds of the Policy.*

At a time when A. was indebted to B., and when it was contemplated that further advances would be made, a policy of insurance on the life of A. was issued. In pursuance of an agreement previously made, A. assigned this policy to B. in absolute terms, and the assignment stated that "this transfer is not made for the purpose of securing any indebtedness or as collateral security, but with the intent and for the purpose of divesting the assignor of all title to and interest in said policy." The premiums on the policy were paid by B., and their payment was a part of the consideration of the assignment. At the time of A.'s death he was indebted to B. in the sum of $1,029. The amount of the policy was $2,500, and it was claimed both by B. and the administrators of A. *Held,* that B. had an insurable interest in the life of A.; that the policy was issued for his benefit as a creditor; that the assignment was a *bona fide* business transaction, and not a device to cover a wagering contract on the life of A.; that the assignment is not invalidated by the statement in it that it was not for the purpose of securing an indebtedness, and that B. is now entitled to the entire proceeds of the policy.

*Decided January 11th, 1911.*

Appeal from the Circuit Court of Baltimore City (NILES, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*Luther E. Mackall* (with whom was *Alonzo L. Miles* on the brief), for the appellant.

*Richard M. Duvall* (with whom was *R. W. Baldwin* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is an interpleader proceeding brought on the 18th day of March, 1910, in the Circuit Court of Baltimore City to determine the true ownership of the proceeds of a policy of insurance on the life of George B. Fitzgerald, now deceased, of Somerset County, Maryland. The policy is dated on the 21st of October, 1908, and was issued by the Northwestern Mutual Life Insurance Company of Milwaukee, Wisconsin, for the sum of $2,500, and under one of the conditions of the policy, the amount of the insurance was payable "unto such beneficiary or beneficiaries of the insured as may hereafter be designated, under the contract."

The insurance company disclaims any interest in or claim to the fund and admits its liability under the policy. The proceeds of the policy has been paid into Court by the insurance company, to be distributed to the proper parties entitled to receive it.

The fund in controversy is claimed, first, by the appellees, co-partners trading as the Rawlings Implement Company of Baltimore, under and by virtue of an assignment and transfer of the policy to them, from Fitzgerald, the insured, in his lifetime, dated the 26th day of October, 1908, and secondly, it is claimed by the appellants, administrators of

Fitzgerald, as representatives of his personal estate, upon the ground that the particular kind of assignment in this case was void and invalid, because given to cover a wagering and a gambling contract.

The validity *vel non,* then, of the assignment of the policy of insurance is the controlling and substantial question in the case, because we are dealing with a fund that is confessedly derived from a legal and valid source, that is from a valid life insurance policy, the legality of which the insurance company admits, and has paid the proceeds of the policy into Court, to be distributed to the parties' entitled.

Obviously, if the assignment in question is legal and valid, the appellees, the Rawlings Implement Company must be entitled to the fund, under the conceded facts of the case, because to strike down the policy itself would defeat the object of this proceeding, and destroy the claim of both the appellants and appellees.

The assignment of the policy which is somewhat unusual, in form, will be set out in full, and considered by us. It is as follows:

"In consideration of one dollar in hand, the payment of premiums already made or to be made, and other valuable considerations, the receipt whereof is hereby acknowledged, I hereby sell, assign and transfer, absolutely, unto C. T. Marsden, Treas. Rawlings Implement Co., of Baltimore, Md., his administrators or assigns, all my right, title and interest in and to a certain policy issued by the Northwestern Mutual Life Insurance Company of Milwaukee, Wis., on the life of George B. Fitzgerald, number 762861, together with all benefits and advantages to be derived therefrom, including the right to receive and receipt for the surrender value of said policy, and all dividends or surplus arising thereunder; and I do hereby irrevocably constitute and appoint C. T. Marsden, Treas., my attorney, with full power and substitution and revocation in my name or otherwise, but at his own proper cost, to take all proceedings which may be proper or necessary for the recovery or collection of any sum which may be or become due under the aforesaid policy, and

to discharge, receipt for, compound or release any claim under said policy, and to execute, acknowledge and deliver any instrument in furtherance thereof, and to endorse in my name any check, draft or other paper given in payment for or in liquidation of said claim, and to perform every act, and thing in and about the premises, hereby ratifying and confirming all that said attorney or his substitute may do; and also authorize the said life insurance company to pay the sums due or to become due under said policy to said assignee, his administrators or assigns, without the payment to me of any further consideration. It is hereby expressly understood and agreed that this transfer is not made for the purpose of securing any indebtedness or as collateral security, but with the intent and for the purpose of divesting the assignor of all title to interest in said policy or the proceeds thereof, and of vesting the absolute and unconditional title thereto in said assignee.

Witness my hand and seal, at Princess Anne, in the State of Maryland, on the 26th day of October, 1908.

(Signed)   GEORGE B. FITZGERALD.   (L. S.)

Signed, sealed and delivered

in the presence of

(Signed)   SAMUEL H. SUDLER,

Notary Public."


It is insisted upon the part of the appellants because this assignment was made within a few days after the policy was issued and in pursuance of an agreement to that effect. made prior to its date and because the assignment contains, in part, a stipulation "that the transfer is not made for the purpose of securing any indebtedness or as a collateral security, but with the intent and for the purpose of divesting the assignor of all title to interest in said policy or the proceeds thereof and of vesting the absolute and unconditional title thereto in the assignee," that, therefore, the assignment was a mere device to cover a gaming contract and is void.

We cannot agree to this contention, either in the light of the relations existing between the parties at the date of the policy and of the assignment, or as a proper construction to be placed upon the assignment itself.

There is nothing in the proof to indicate a want of good faith between the parties or to show that the transaction was a mere speculation or a gaming contract. The answer filed by the appellees shows entire *bona fides* on their part and denies that the transfer of the policy was made to cover a gaming transaction. The case at bar is clearly distinguishable from those cited in the brief of the appellants.

The uncontradicted proof in the case shows, that the assignor and the assignees of the policy were merchants, the former engaged in the agricultural implement business, in Princess Anne, Md., and trading under the name of the Princess Anne Farm Implement Company, and the latter were engaged in the same line of business in the City of Baltimore, trading as the Rawlings Implement Company. At the date of the issuing of the policy, and of its assignment, the assignor was indebted to the assignee in the sum of $536.32/100, and at the death of Fitzgerald, there was an indebtedness of $1,029.53/100 existing between them, in pursuance of "a line of credit" which had been given the assignor, since the date of the assignment and which appears to have been a part of the consideration for the assignment itself. Besides this, the correspondence set out in the record between the parties prior to, and subsequent to, the issuing of the policy and of the assignment clearly establishes the relations of the parties to the contract, and that the assignees had an insurable interest in the life of the insured. All of the premiums upon the policy were paid by the appellees and this was one of the considerations set out in the assignment to wit, the payment by the assignee of "the premiums then due and to become due and one dollar and other valuable considerations." The proof, in this case, also clearly shows that the policy was issued for the benefit of

the firm, of the Rawlings Implement Company, the appellees, and the assignment was made to more effectually carry out the intention of the parties to the contract. It matters but little under the facts of this case, in so far as the appellants are concerned, whether we treat the policy as having been originally issued to the appellees or subsequently assigned to them, because the appellees had an insurable interest in the life of the insured, the policy was taken out and issued for their benefit and the insured had no interest whatever in it.

In *Rittler* v. *Smith,* 70 Md. 261, this Court said: "It is settled law in this State that a life insurance policy is but a chose in action for the payment of money and may be assigned as such. *Ins. Co.* v. *Flack,* 3 Md. 341; *Whitridge* v. *Barry,* 42 Md. 150."

In this case, it was said, the assignee must of course keep the policy alive by the payment of premiums if he wishes to realize anything from it. Such an assignment is valid in this State, if it be a *bona fide* business transaction and not a mere device to cover a gaming contract. Such is also the English rule.

Nor do we regard as tenable the position urged by the appellants, because the assignment bears upon its face, the statement, that "it is understood and agreed that the transfer is not made for the purpose of securing any indebtedness or as collateral security," that it follows that the assignment is void. In view of the consideration for the policy, of "one dollar and the premiums now due and to become due, and other valuable considerations," expressed in the assignment, and "a line of credit to be given" the insured, these words, simply mean that the assignees of the policy were to hold the entire proceeds of the policy for their own use. The law is well settled in this State, that a creditor who in pursuance of a *bona fide* effort to secure payment of his debt insures the life of his debtor and takes the policy in his own name or for his own benefit, is entitled to the proceeds of the

entire policy. *Emerick* v. *Coakley,* 35 Md. 193; *Whiting* v. *Ins. Co.,* 15 Md. 326; *Robinson* v. *Hurst,* 78 Md. 59; *Rittler* v. *Smith,* 70 Md. 261; *Souder* v. *Home Friendly So.,* 72 Md. 511.

In *Rittler* v. *Smith, supra,* it is said, the creditor is in fact the owner of the policy, takes the risk of the continued solvency of the insurance company, and is obliged to keep the policy alive by paying the annual premiums during the life of the debtor, and the latter is under no obligation to do anything, and in fact does nothing in this respect. If he pays the debt to his creditor he has only discharged his duty, and what interest has he in the policy, or in what his creditor may recover upon it. And such we find is also the English rule. *Dalby* v. *Ins. Co.,* 15 C. B. 365; *Ashley* v. *Ashley,* 3 Sim. 149; *Bruce* v. *Garden,* L. R. 5 Ch. App. 32.

Manifestly, if the policy of insurance was a valid one, at its inception, and this is conceded by the company, the assignment of this policy under all the authorities, would be legal, whether to a person having or not having an insurable interest in the life of the insured. A policy of insurance like any other chose in action, can be assigned to a creditor absolutely or in payment of his own debt. *Souder* v. *Home Friendly Society,* 72 Md. 511; 25 *Cyc.* 708; *Clogg* v. *Mc-Daniel,* 89 Md. 416.

The appellants have referred us to several authorities, as sustaining their views, but when carefully examined they will be found not to apply to the facts of this case, or to sustain the construction placed by them upon the assignment here in question.

Upon the whole evidence, we are all of the opinion, that the appellants have failed to sustain their contention that the assignment of the policy of insurance in this case is null and void, and for the reasons we have assigned, the decree of the Circuit Court of Baltimore City, adjudging that the appellees in this case, are entitled to the proceeds of the policy of insurance will be affirmed.

The following cases, in addition to those we have cited, fully support and sustain the conclusion we have reached in this case. *Clark* v. *Allen,* 11 R. I. 439; *Olmsted* v. *Keyes,* 85 N. Y. 593; *Amick* v. *Butler,* 111 Ind. 578; *Johnson* v. *Van Epps,* 110 Ill. 562; *Appeal of Corson,* 113 Pa. St. 438.

*Decree affirmed, with costs to the appellees.*