## MARY JANE SHOREY, ADMINISTRATRIX OF MARGARET ELLA WEBB, ETC.,

*vs.*

## AUGUSTA WEBB.

*Insurance policies: assignment; delivery.*

Delivery is essential to a valid deed of assignment, but actual delivery is not required, and the evidence of delivery may consist of acts or of words, or both.                    p. 212

An insured, under a paid-up policy of insurance, had assigned the same by a full and proper assignment, duly acknowledged by the company, to his wife; upon her death, more than thirty years afterwards, he assigned the same policy to his sister; upon the death of the insured, the sister entered proceedings against the administrator of the wife to collect the insurance policy; it was *held,* that there was sufficient evidence of a delivery of the insurance policy to the wife to make the assignment effective to pass the title to her, and that the second assignment was invalid.
                    p. 214

*Decided January 13th, 1914.*

Appeal from the Circuit Court of Baltimore City (DUFFY, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Charles F. Harley* (with whom were *John B. A. Wheltle* and *Burdette B. Webster* on the brief), for the appellant.

*R. S. Culbreth* and *H. Marcus Denison,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

In June, 1877, the New York Life Insurance Company issued to John A. Webb, of Baltimore City, a policy of insurance on his life to the amount of $5,000.00, which, upon a default in the payment of a premium, was according to its terms, made a paid-up policy on the 17th of July, 1890, for $3,510.00.

The policy contained the following clause:

"An assignment of this policy to be valid must be made in duplicate; both must be sent to the company for acknowledgment and due proof of interest produced with the proofs of death."

On the 29th of October, 1877, Mr. Webb executed, on one of the company's blanks, the following assignment of the policy to his wife:

"For value received, I do hereby assign and transfer unto Ella Edmonds Webb (wife), the annexed policy of insurance, issued by the New York Life Insurance Company, upon the life of myself and known as No. 126543, and all dividend, benefit and advantage to be had or derived therefrom.

"To have and to hold the same unto the said Ella Edmonds Webb (wife), her executors, administrators and assigns.

"Witness my hand and seal this 29th day of October, one thousand eight hundred and seventy-seven.

John A. Webb.

"Sealed and delivered in the presence of George S. Robinson."

Below the assignment were the following:

"We hereby acknowledge to have received a copy of the above assignment.

"October 31st, 1877.　　　　　Wm. H. Beers,

"V. P. per Wex."

"Note:—Assignments must be made in duplicate and both sent to the Home Office of the company for acknowledgment and record."

Mrs. Webb died on the 9th of August, 1910, and Mr. Webb died December 9th, 1911. After his death, the policy with the above assignment "pasted to and within" it, was found among "his effects," in an envelope of the insurance company. The envelope also contained an assignment of the policy, executed by Mr. Webb after the death of his wife to his sister, Augusta Webb, the appellee, dated October 28th, 1910; a letter from Mr. Webb to the insurance company, dated September 24th, 1910, in which he said: "The beneficiary under the accompanying policy No. 126543 is hereby changed in accordance with the change of beneficiary clause thereof, to Miss Augusta Webb, my sister, such change to take effect only when endorsed on said policy by the company at the home office;" a letter to him from the agent of the company, in Baltimore, dated September 24th, 1910, in which he stated: "On examination of Policy 126543 I find that it does not contain a change of beneficiary clause, and therefore it will have to be assigned as per assignment papers enclosed, which please sign before a notary public and have a Court certificate attached and return to this office," and a letter from the 2nd Vice-President of the company in New York, dated October 31st, 1910, to Miss Webb calling her attention to the fact that according to the records of the company the policy had been assigned by Mr. Webb to his wife, October 29th, 1877.

In March, 1912, Augusta Webb filed a bill in the Circuit Court of Baltimore City against the administratrix of Mrs. Webb and the Insurance Company, asserting her claim to the amount of the policy. The policy, with the assignment to Mrs. Webb attached, and the assignment to the plaintiff were filed as part of the bill. The defendants answered and the Insurance Company paid the fund into Court. The only other evidence in the case was to the effect that, after Mrs. Webb's death, Mr. Webb said to his sister, the appellee, "I will have to have the policy now transferred to you," and that some time after that he handed her the assignment and she handed it back to him.

The Court below held that there was no evidence to show that the policy or assignment to Mrs. Webb was ever delivered to her during her life, and accordingly decreed that her administratrix had no interest in the fund. This appeal is from that decree.

It is, and must be, conceded that if there was a valid and effective assignment to Mrs. Webb, the insured had no longer any power to dispose of the policy, and it may also be conceded that delivery is essential to a valid deed or assignment. But *actual* delivery is not required, and the evidence of delivery may consist of acts or words or both. *Byers* v. *McClanahan,* 6 G. & J. 250; *Stewart* v. *Redditt,* 3 Md. 79; *Barry* v. *Hoffman,* 6 Md. 87; *Duer* v. *James,* 42 Md. 492; *Hartman* v. *Thompson,* 104 Md. 408. In the first of these cases a bond was shown to the obligor and he acknowledged his signature to it. The Court held that that was sufficient evidence of delivery of the bond, and said: "A deed, then, it is clear, may be delivered by words, and no particular form of words is essential to such purpose. It is sufficient that there be an intention or assent of the mind to treat it as his deed; to clothe it with the attributes of a legal instrument." In *Duer* v. *James, supra,* JUDGE ROBINSON says: "It is not essential to prove a formal delivery, this may be inferred from the acts of the party without words, or from words without acts, or from both combined." Accordingly it is said in *Hartman* v. *Thompson, supra*: "We discover no defect of proof as to delivery of the conveyance. No precise form of delivery need be resorted to. It may be actual or verbal. Acknowledgment and recording are sufficient to warrant presumption of legal delivery by the grantor."

Such evidence is not, of course, conclusive, and it may be rebutted by showing that there was, in fact, no delivery.

Now in the case at bar, Mr. Webb not only executed a formal assignment of the policy, duly signed and attested, but that assignment was sent, presumably either by him or his wife, the assignee, to the home office of the Insurance Company, to be noted or recorded by the company in accordance

with the terms of the policy, and after it was acknowledged and returned by the company, it was pasted to the policy, and so remained for more than thirty years, until after the death of the wife. Can it be said that such facts afford no evidence of delivery, but must be regarded as establishing a mere promise to assign? If it was not a vaild and effective assignment what could have been Mr. Webb's purpose in sending it to the Home Office of the Insurance Company? Was it not to advise the company according to the requirements of the policy that he had *thereby* parted with his interest in the proceeds of the policy, and should not that act, like the filing of a deed in the record office, at least justify a presumption of legal delivery by the assignor? If it does, that presumption is not negatived; under the circumstances disclosed by the record in this case, by the mere fact that such an assignment to a wife is found, after the death of the husband, among his papers. To so hold would put out of view a common knowledge of the relations of husband and wife in the conduct of their affairs. Mr. Webb's letter to the company after his wife's death also tends to show that he treated the assignment as a valid assignment, and, assuming that there was a clause in the policy authorizing him to change the beneficiary, undertook to do so.

We do not mean to hold that a mere *intention* to assign, or that an attempt to assign is sufficient, but we do hold that the evidence in this case is sufficient to warrant the presumption that there was a legal delivery of the assignment.

Counsel for the appellee relies upon the cases of *Cox* v. *Sprigg,* 6 Md. 274; *Williams* v. *Chamberlain,* 165 Ill. 218; 46 N. E. 250, and *Weaver* v. *Weaver,* 182 Ill. 295; 55 N. E. 338. In the *Cox case* Mrs. Lansdale executed and delivered to her daughter an assignment, by a separate paper, of a single bill for $3,500.00, reserving to herself the interest thereon during her life. The Court held that there was no evidence that the single bill had been delivered to the daughter, and that the assignment was not, therefore, effective. In the opinion, however, CHIEF JUDGE LE GRAND distinguishes that case from the case of *N. Y. Life Ins. Co.* v.

*Flack,* 3 Md. 341, saying: "In that case, by the express language of the policy, it was assignable, provided the company had notice of the assignment within a certain time." In this case the policy provides for an assignment upon the conditions therein named, which were complied with by Mr. Webb, and in the case of *Wienecke* v. *Arbin,* 88 Md. 187, the Court said: "Either the execution of the assignment or the delivery of the policy, even in a Court of Equity, should be held necessary." See also *Spring* v. *Ins. Co.,* 21 U. S. 268; 25 *Cyc.* 768; *Hewlet* v. *Home for Incurables,* 74 Md. 350; 5 *Enc. L. & P.* 920, note 23.

In the case of *Williams* v. *Chamberlain, supra,* the insured did not notify the insurance company of the assignment in accordance with the terms of the policy, and the Court dwelt upon that fact in its opinion as significant in considering whether "by the acts of the parties, an equivalent of, or substitute for, actual delivery appeared." In the case of *Weaver* v. *Weaver, supra,* the assignment was not attached to the policy or delivered to the assignee, and was never seen after it was executed. The Court fully recognized the rule we have stated that *actual* delivery is not required, and that delivery may be presumed from acts or words, but held that the facts in that case were not sufficient to justify a presumption of delivery. In both of these cases the proceeds of the policy were claimed adversely to the wife of the assured, and in construing the acts and conduct of one party in his dealings with another, the relation of the parties cannot be overlooked.

For the reasons stated, the decree of the Court below must be reversed, and case remanded in order that a decree may be passed in conformity with this opinion.

> *Decree reversed and case remanded, in order that a decree may be passed in accordance with the opinion in this case, the costs to be paid out of the fund, according to agreement of the parties.*