FIRST NATIONAL BANK OF CUMBERLAND ET AL.
v. LAURA OLIVER THOMAS.

*Life Insurance Policy—Assignment by Way of Gift—Lack of
Insurable Interest—Evidence.*

An assignment of a life insurance policy is not invalid be-
cause the assignee has no insurable interest in the life of the
insured.                                                p. 247

An assignment of a life insurance policy need not be in writ-
ing in order to pass an equitable interest in the policy, entitling
the assignee to the proceeds, if the policy is delivered to the
assignee, and all control and dominion surrendered to him, with
an intent on the assignor's part to transfer all the title to such
assignee.                                          pp. 248, 249

A parol gift of a life insurance policy, with an intention to
transfer the title, *held* to be shown by the delivery of the policy
to the alleged donee, and statements by the donor, since deceased,
as to his having made the gift.                    pp. 250-252

That the donor subsequently executed a codicil to his will by
which he gave to the donee the proceeds of the policy did not
show that it was his intention, at the time of delivering the
policy to the alleged donee, not to pass an immediate interest in
the policy, but to vest title in her only on his death.     p. 252

*Decided June 29th, 1926.*

Appeal from the Circuit Court for Allegany County, In
Equity (WAGAMAN, J.).

Bill by the First National Bank of Cumberland against
the Liberty Trust Company and Mary J. Blaul, executors,
and Laura Oliver Thomas. From the decree rendered, the
plaintiff and the executors appeal. Affirmed.

The cause was argued before BOND, C. J., PATTISON,
URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Walter C. Capper,* for the First National Bank, appellant.

*David A. Robb* and *D. Lindley Sloan,* with whom was *A. Taylor Smith* on the brief, for the executors, appellants.

*Arch A. Young* and *Cleveland Grice,* with whom were *Carl G. Mullin* and *Clarence Lippel* on the brief, for Laura Oliver Thomas, appellee.

PATTISON, J., delivered the opinion of the Court.

The Metropolitan Life Insurance Company, of New York, on the 29th day of October, 1920, at its office in the city of New York, issued unto Frederick H. Blaul, of Cumberland, Maryland, a life insurance policy for the sum of ten thousand dollars, payable to his estate in the event of his death within ten years from its date. This policy was received by Frederick H. Blaul, at Cumberland, Maryland, on November 1st, 1920, and on that day it was delivered to Laura Oliver Thomas, who is the appellee. On the same day he executed a codicil to his will made on the 20th day of October of the same year. The appellants, Mary Jane Blaul, his wife, and the Liberty Trust Company, of Cumberland, were thereby made executors and co-trustees. The codicil was as follows:

"Cumberland, Md., November 1, 1920.

"I, Fred H. Blaul, of Cumberland, Maryland, declare this to be a codicil to the last will and testament already made by me.

"I hereby give and bequeath to Laura A. Oliver the proceeds of Policy No. 2724609-A, amount ten thousand dollars ($10,000), all of which said amount of insurance upon my death shall be paid to Laura A. Oliver, regardless of any other provision made by me in my last will and testament, of which this is a codical.

"As witness my hand on the day and year first above written.

"Fred H. Blaul (Seal).

This codicil was also delivered to Laura Oliver Thomas, the party mentioned in the codicil, as she says, on the third day of November, 1920. On the 26th day of September, 1922, Blaul died, and at such time the policy mentioned was in the possession of Laura Oliver Thomas. By an agreement between the attorneys for Laura Oliver Thomas, and the executors of Frederick H. Blaul, respectively, the policy of insurance was turned over by Laura Oliver Thomas to the executors to enable them to collect the proceeds on said policy, it being expressly agreed and understood, however, that the said Laura Oliver Thomas, in so doing, waived none of her legal and equitable rights in and to said policy or in the proceeds thereof. As Laura Oliver Thomas claimed possession and title to the policy and the executors disputed her title thereto, it was agreed that by turning over said policy to the executors they should proceed to collect the proceeds thereof from the insurance company, and that such proceeds, when so collected, should be held subject to any legal and equitable title of the said Laura Oliver Thomas in and to the said policy, or the proceeds thereof, and subject to any right she might have to recover the same, and it was agreed and understood that the turning over of said policy, as stated, was done without prejudice to either of said parties.

The Metropolitan Life Insurance Company paid to said executors the proceeds of said policy and thereafter Laura Oliver Thomas brought suit at law in the Circuit Court for Allegany County against said executors to recover the money they had collected upon the policy. The case was removed to the Circuit Court for Washington County and while it was there pending, and after much testimony had been taken, the bill in this case was filed by the appellant, the First National Bank of Cumberland, Maryland, on its own behalf and all other creditors of Frederick H. Blaul, deceased, who might join in and contribute to the cost of the proceedings, against Mary Jane Blaul and the Liberty Trust Company, executors and co-trustees of Frederick H. Blaul, deceased, and Laura Oliver Thomas, alleging therein not only the facts

we have stated, but further alleging that at the time of the alleged gift of the policy of insurance from Frederick H. Blaul to Laura Oliver Thomas, and at the times of the payment of premiums on said policy, the said Blaul was insolvent, and continued and remained insolvent until the time of his death; that the alleged gift of the policy was made by delivery of it without any written assignment and without notice to the Metropolitan Life Insurance Company or to any of the creditors of said Blaul; that it was void and was a fraud upon his creditors, and that the premium paid therefor at the issue of said policy and the payment of the premiums thereafter paid were made with money which of right belonged to creditors of said Frederick H. Blaul, and "that upon the face of said policy it appeared to be made for the benefit of his creditors, and that no gift of the same could be made by him without notice to or the consent of said creditors, none of whom gave such consent or had such notice." It is further alleged that at the time of the alleged gift, Frederick H. Blaul was indebted to the First National Bank in a large sum of money therein named, and that he was so indebted at the time of his death. The bill also charged that he was indebted to other creditors at the time of the alleged gift and at the time of the payment of the premiums upon the policy, and continued to be indebted to them to the day of his death; that his estate was "so hopelessly involved, as to leave nothing to any of his creditors, secured or unsecured."

The bill then charged that it was impossible for the rights of the creditors to be heard in the suit at law then pending in Washington County; that a judgment therein against the executors, either as individuals or in a fiduciary capacity, would prevent the equitable rights of all parties interested to be adjudged, and that the title to said policy and the proceeds thereof could not be determined in the proceedings at law; and that Laura Oliver Thomas, the plaintiff, as well as Mary Jane Blaul and the Liberty Trust Company, coexecutors, the defendants in that suit, should be required to

come into equity and assert any rights they might respectively have to the proceeds of said policy, and that in the meantime the said Laura Oliver Thomas shall be enjoined against the prosecution of said suit in the Circuit Court for Washington County.

The bill concluded with the following prayers: 1st. That the title to the said proceeds of said life insurance policy may be determined; 2nd. That the alleged gift of said policy of insurance by the said Frederick H. Blaul to the said Laura Oliver Thomas may be set aside and cancelled and annulled; 3rd. That the said Laura Oliver Thomas may be enjoined from proceedings with the prosecution of the said suit at law in the Circuit Court for Washington County; 4th. For general relief.

The executors, as defendants to said bill, answered, admitting the salient allegations of the bill, including the insolvency of Frederick H. Blaul at the times named, and that the gift of the policy was made without any written assignment of it, or without notice to the Metropolitan Life Insurance Company, or the creditors of said Blaul and without lawful consideration; that it was made upon an immoral and illegal consideration and was a fraud upon the creditors of the said Frederick H. Blaul; and they, further answering the bill, alleged that they had the legal and equitable claim and right to the proceeds of the policy, that the same might be distributed to the creditors of Blaul, whose claims were largely in excess of the assets of the estate. They also averred in their answer that the gift was not a legal gift or an assignment of the policy; that the said Laura Oliver Thomas was not entitled to receive the proceeds thereof, but on the contrary the proceeds of said policy were payable to them, as executors, and that they were entitled to the same for the benefit of the creditors of the said decedent.

Laura Oliver Thomas, in her answer to the bill, admitted many of the facts therein alleged, but denied the insolvency of Frederick H. Blaul at the time of the alleged gift or at the times premiums were paid upon the policy. She also

denied the necessity of a written assignment of the policy or
of a notice to the insurance company or his creditors to make
the assignment valid. And she averred that the gift was a
gift *inter vivos* by physical delivery of said policy, and was
a legal gift under the laws of Maryland. In her answer she
consented to the order enjoining her from proceeding with
said law suit, and agreed to be governed by the decision of
the lower court or any appeal therefrom.

By an agreement of the solicitors for the respective par-
ties, all errors and irregularities in the pleadings in the case
were waived, and the court was asked to determine to whom
the proceeds of said policy belonged, under the admitted facts
in the pleadings and the testimony taken at the hearing.

Evidence was heard by the court both as to the insolvency
of Frederick H. Blaul and as to the nature and character
of the alleged gift, and it decreed "that the Liberty Trust
Company and Mary Jane Blaul, co-executors and co-trustees
of the estate of Frederick H. Blaul, deceased, pay the costs of
this proceeding out of the proceeds of the insurance policy
No. 2724609A issued by the Metropolitan Life Insurance
Company of New York on the 29th day of October, 1920,
payable to the estate of Fred H. Blaul for the sum of ten
thousand ($10,000) dollars, and that the balance of said
proceeds, together with interest due thereon, be paid by said
co-executors and co-trustees to Laura Oliver Thomas." It
is from that decree that the appeal in this case has been
taken.

The First National Bank, in a written agreement with
Laura Oliver Thomas, admitted "the validity of the gift
of the policy of life insurance in question in this cause except
as to the insolvency of Fred H. Blaul, deceased, at the time
of making the said gift." While the executors of Blaul
attack the validity of the alleged gift upon the grounds:
first, that Laura Oliver Thomas, the appellee, had no insur-
able interest in the life of Frederick H. Blaul; second, that
the assignment of the policy was not in writing; and third,
that the delivery of the policy was not a good and complete
gift.

We will first consider the contentions of the executors in the order stated, dealing first with the contention that Laura Oliver Thomas had no insurable interest in the life of Frederick H. Blaul, and that because of such fact the alleged gift was void.

In *Rittler v. Smith,* 70 Md. 261, Smith, the appellee, was indebted unto Rittler in the sum of about one thousand dollars and, Smith being insolvent, Rittler took out certificates of insurance on Smith's life in several mutual aid associations. These certificates were all in favor of Rittler and he paid all the premiums or assessments thereunder. Upon Smith's death, Rittler collected from these certificates of insurance $2,124.82. After deducting therefrom the debt and interest due Rittler, the premiums he had paid, and the cost and expenses of effecting the insurance, there remained a balance of $473.53. Thereafter the administratrix of Smith filed a bill claiming this balance as belonging to the estate of the decedent. Rittler in his answer denied her claim, and insisted that the money belonged to him. The case was heard on bill and answer, and the court below decreed in favor of the complainant. Upon appeal to this Court, the decree of the lower court was reversed. In that case, the Court said, "In support of the view taken by the appellee's counsel, cases have been cited in which it has been held that the assignee of a life policy, who has no insurable interest in the life, stands in the same position as if he had originally taken out the policy for his own benefit. In other words, the contention is that the assured himself can make no valid absolute assignment of a policy to one who has no insurable interest in his life. But our own decisions are opposed to this. It is settled law in this state that a life insurance policy is but a chose in action for the payment of money, and may be assigned as such under our Act of 1829, ch. 51." *New York Life Ins. Co. v. Flack,* 3 Md. 341; *Souder v. Home Friendly Society,* 72 Md. 511; *Hewlett v. Home for Incurables,* 74 Md. 350; *Clogg v. McDaniel,* 89 Md. 416; *Fitzgerald v. Rawlings,* 114 Md. 470.

It will thus be seen, from the decisions of this Court, that it is not essential to the validity of an assignment of a life insurance policy that the assignee or donee should have an insurable interest in the life of the insured, though it would seem, by the rulings of this Court in *Hewlett v. Home for Incurables,* 74 Md. 350, that such question could not properly arise in these proceedings.

Whether there can be a valid equitable assignment of a policy of insurance, not in writing, but by parol agreement accompanied by delivery and surrender of all control and dominion of it, with the intention of the assignor to divest himself of all interest therein, has not been decided in this state, nor are the authorities elsewhere in accord upon this question, though the great weight of authority is to the effect that such an assignment can be lawfully made. See *Knowles v. Knowles,* 205 Mass. 290; *Travelers Ins. Co. v. Grant,* 54 N. J. Eq. 208; *State v. Tomlinson,* 16 Ind. App. 662; *Chapman v. McIllwrath,* 77 Mo. 38; *Marcus v. Mut. Life Ins. Co.,* 68 N. Y. 625; *Fowler v. Butterly,* 78 N. Y. 68; *McGlynn v. Curry,* 82 App. Div. 431, 81 N. Y. S. 855; *Gledhill v. McCoombs,* 110 Me. 341; *Hani v. Germania Life Ins. Co.,* 197 Pa. St. 276; and other cases found in note to *Gledhill v. McCoombs,* Ann. Cas. 1914D; *Richards on Insurance,* page 529; *Opitz v. Karel,* 118 Wis. 527. In 12 *R. C. L.* 943, sec. 20, it is said: "The general, if not universal, rule is that a policy of insurance on the life of the donor may be made the subject of a gift in the same manner as any other chose in action. All of the essential elements of a valid gift must be present. There must be a complete and absolute surrender of all power and dominion over the policy, and there must be an intention on the part of the donor to part absolutely with the title to it * * * in most jurisdictions the rule is followed that the gift of a policy of life insurance is valid in the absence of a written assignment, provided there is a delivery of the policy by the donor to the donee. A donee of a life insurance policy payable to the administrator of the insured, who delivered the policy to the administrator for collection,

may maintain an action against him in his individual capacity, to recover the proceeds," *Gledhill v. McCoombs, supra.* In *McGlynn v. Curry, supra,* the court said: "There can be no reasonable doubt that the insured delivered and intended to convey to the plaintiff the policy of insurance, and the law is fairly well established that no written transfer was necessary; that the unqualified delivery of the policy to her for the purpose of vesting title in her was sufficient to produce that result * * *. The fact that there was no consideration passing between the parties is of no consequence; the policy had the character of personal property, * * * and it is clearly within the power of the owner of such property to make a valid gift of the same." In *Chapman v. McIllwrath, supra,* it is said: "No writing is necessary, at least so far as vesting the equitable interest therein is concerned, * * * policies are usually assigned in writing; but a merely verbal assignment and delivery of the policy gives to the assignee an equitable right to the proceeds, where the policy itself contains no provision to the contrary."

Many other cases could be cited which hold that it is not essential that a life policy should be assigned in writing in order to pass an equitable interest in it, entitling the assignee to the proceeds of the policy, if such policy was delivered to the assignee and all control and dominion over it surrendered to him with the intent of the assignor to transfer all title in the policy to such assignee.

This is not a suit against the insurance company to enforce payment of the amount owing on the policy, brought by the assignee under authority conferred by the Act of 1829, ch. 51 (section 1, article 8 of the Code of 1924), where a "judgment, bond, specialty or other chose in action" must be assigned in writing by the person authorized to make the same, before the assignee thereof can maintain an action in his own name against the debtor as the assignor could have done before assignment. But it is a proceeding in equity where the court is called upon to determine to whom belongs the money which has been voluntarily paid upon

the policy by the company to the executor of the insured, under an agreement between the executors and the alleged donee of the policy for the very purpose of having such question decided. If it were such a suit, then undoubtedly, under the statute, it could not be maintained unless the assignment was in writing signed by the person authorized to make the same. There is nothing in the policy requiring the assignment to be in writing, and as we find nothing in the decisions of this Court inconsistent with the rule or principle of law, above stated, sustained by the great weight of authority both in England and in this country, we shall hold that an assignment in writing was not essential in this case to transfer an equitable interest in said policy, entitling the donee, Laura Oliver Thomas, to the proceeds of said policy, if a complete gift of the policy or proceeds thereof is shown to have been made to her by the insured.

As stated in 12 *R. C. L.,* p. 932: "To make a valid and effective gift *inter vivos* there must be an intention to transfer title to the property, as well as a delivery by the donor and an acceptance by the donee. Mere intention to give without delivery is unavailing, and delivery is insufficient unless made with an intention to give. * * * There must be an intention on the part of the donor to relinquish the right of dominion on one hand and to create it on the other, and the delivery must be not only of possession, but also of the dominion and control of the property. To have the effect of a valid gift, therefore, the transfer of possession and title must be absolute and go into immediate effect, so far as the donor can make it so by intent and delivery." The evidence in this case upon the question of the gift was that Fred. H. Blaul, after providing liberally for his wife by insurance upon his life payable to her at his death, procured an additional insurance of ten thousand dollars in the Metropolitan Life Insurance Company, payable to his estate in the event of his death within ten years from the date of its issuance. This policy, as we have said, was issued at its office in New York on the 29th day of October, 1920, but was not received

by Blaul at Cumberland until November 1st following, when on that day he delivered it to Laura Oliver Thomas, in whose possession it was found at the death of Fred. H. Blaul, which occurred in September, 1922.

Ernest Porter, a witness produced by Laura Oliver Thomas, testified that he knew Fred. H. Blaul well, and often talked with him "of things of a confidential nature"; that he was in Blaul's office on or about November 1st, 1920, and he was shown by Blaul the policy in question in this case, and Blaul told him he was giving it to Laura Oliver Thomas "as a present"; that some time later witness with his wife was at the home of Laura Oliver Thomas and, as he says, "the subject of the policy was brought up and she brought out the policy and showed it to him." Thereafter, just prior to Blaul's death, witness saw Blaul at his office and the latter told him that he had given the policy to Laura Oliver Thomas and said that, should anything happen to him, "she was taken care of by the policy."

The witness Wiegand, who was remotely related to the alleged donee, testified that he, while on a visit to her home in Cumberland just before Christmas, 1920, met and talked with Blaul, and he was told by him that "he had given Laura an insurance policy for $10,000 about sixty days prior to that time."

Laura Oliver Thomas testified that Blaul, on the 1st day of November, 1920, gave to her the policy here in question. It was given to her, she says, on the Mount Savage road, just around the point from the National Pike, where he met her by appointment.

This evidence as to the gift is not only uncontradicted, but the gift and its validity is expressly admitted in writing by the bank, the plaintiff to the bill, "except as to the insolvency of Blaul."

The codicil to the will of Blaul, which we have inserted in this opinion, was given to Laura Oliver Thomas, as she says, two days after the delivery of the policy to her.

It is contended by the executors that it is shown or indi-

cated by the codicil, so executed by Blaul, that it was not his intention to pass an immediate interest to her in the policy, but that the vesting of title in her was postponed until his death.  As an answer to this, it may be said that such act of Blaul may have been prompted by a desire on his part to make sure of the passing of the subject of the gift to her, or, otherwise expressed, such act of Blaul may have been confirmatory rather than derogatory of the title conferred upon her by the gift.  *First Nat. Bank v. Holland,* 99 Va. 495.

It should be said that proof of gifts in cases of this character should be clear and convincing, so as not to open the way to fraud, which may at times be suggested by the mere possession by a wrongdoer of a pretended gift at the time of the death of the alleged donor.  In this case, however, we think, the evidence meets the requirements mentioned and proves the existence of the alleged gift.

This leaves to be considered only the alleged insolvency of Blaul at the time the gift was made.  We have carefully read and considered all the evidence upon this question, which we have found voluminous and conflicting, and we will not here attempt to state it or discuss the weight of it, for to do so would further prolong this opinion without serving any useful purpose, but will state generally that the evidence is not in our opinion sufficient to show the insolvency of Blaul within the meaning of the statute (article 39B of the Code of 1924) at the time of the gift.  It may also be said that the gift, at the time it was made, had little, if any, real value, and the expenditures made by Blaul in the obtention of the policy lessened his estate only to the extent of the premiums paid thereon, an amount so small that the bank asked the court not to consider it, if it were limited in its recovery to that alone.

The evidence, we think, fails to show that the gift of the policy was a fraud upon the creditors of Blaul and the decree appealed from will be affirmed.

*Decree affirmed, with costs.*