DURST *v.* DURST ET AL.

[No. 332, September Term, 1962.]

*Decided July 18, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, MARBURY and SYBERT, JJ.

*William H. Geppert,* with whom were *Gunter & Geppert* and *Hugh A. McMullen* on the brief for appellant.

No brief and no appearance for appellees.

SYBERT, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court for Allegany County which held that the appellee, Flossie L. B. Durst, had acquired a vested interest in an insurance contract on the life of the appellant, Sylvan C. Durst, and that the latter had lost his reserved right to compel the other appellee, the Equi-

table Life Insurance Company of Iowa, to change the beneficiaries therein.

The case was submitted upon an agreed statement of facts which is summarized as follows: On August 10, 1933 Sylvan C. Durst purchased a life insurance policy naming Flossie L. B. Durst, then his wife, as the principal beneficiary and their three children then living as contingent beneficiaries. Application for the policy was made by the appellant; it was issued in his name; the records of the company show him as the owner, and the policy reserved to the insured the right to change the beneficiaries. Except for one premium paid by Mrs. Durst in 1950, by check on their joint account with funds deposited therein by their son, all premiums on the policy from 1933 to the present time were paid by Mr. Durst. The policy was at first kept in a cedar chest at home, and later in a jointly held safe deposit box in a bank.

Mr. and Mrs. Durst were divorced in 1952, at which time Mrs. Durst took the policy and has retained possession ever since. In 1953 Mr. Durst learned that she had the policy and refused to surrender it. He consulted a lawyer and was advised that it was immaterial whether he had possession of the policy so long as he paid all the premiums thereon. Mr. Durst remarried and in 1959 desired to substitute his present wife as the principal beneficiary and to add a fourth child as a contingent beneficiary. When his former wife refused to deliver the policy to him, he instituted an action of detinue in the Circuit Court for Allegany County on September 21, 1959 to recover possession of it. The jury found in his favor, but, on appeal to this Court, the judgment was reversed on the ground that his former wife had converted the policy in 1953 and that he had allowed limitations to run before bringing his action in 1959. See *Durst v. Durst*, 225 Md. 175, 169 A. 2d 755 (1961). In that case, however, this Court left open all questions as to the rights of the parties with respect to the insurance contract evidenced by the policy.

On April 27, 1961 Mr. Durst made a demand upon the insurance company to change the beneficiaries without actual endorsement on the original policy, but the company refused to do so. Mr. Durst then filed a bill in equity requesting a decree

declaring him to be the owner of the insurance contract and asking the court to compel the company to change the beneficiaries, to which the insurer responded by filing a bill of interpleader. The parties subsequently agreed that all matters in dispute were to be resolved in the interpleader case. After testimony and argument the Circuit Court filed an opinion and decree holding that the appellee ex-wife had acquired a vested interest in the insurance policy by reason of her conversion of it in 1953, and that the appellant, Mr. Durst, had lost his right to change the beneficiaries because of his laches in bringing suit. This appeal is from the decree. The appellee filed no brief and made no argument in this Court.

Before reaching the substantive issues in this case, it is first necessary to determine whether this Court's decision in *Durst v. Durst, supra,* is *res judicata* as to the appellant's rights in the instant case, as the Chancellor held. We think not. As noted above, the suit in that case was an action of detinue, which, as our opinion indicated, is simply a possessory action for the recovery of personal chattels unjustly detained. No question of ownership of the insurance contract underlying the policy was there involved, and the insurance company was not a party. Our holding was that Mr. Durst's action to recover possession of the policy was barred by the statute of limitations, and we carefully added, "However, in holding that Mrs. Durst is entitled to physical possession of the policy, we leave open all questions as to the rights of the parties in regard to the insurance contract which it evidences." (p. 183 of 225 Md.). Those questions were not, and could not have been presented in that case, but are at issue here, and hence it is obvious that the decision in *Durst* is not *res judicata* as to those matters. Cf. *Surrey Inn, Inc. v. Jennings,* 215 Md. 446, 453-454, 138 A. 2d 658 (1958).

We think it appropriate at this point to note that among the defenses raised below in this case by the former wife were a claim that her husband had made a gift of the policy to her immediately after he took it out, and a claim that the policy belonged to her because she paid the one premium in 1950 to prevent a lapse of the policy. However, the Chancellor decided the case below on the basis of a finding that Mrs. Durst had

wrongfully converted the policy in 1953, thus repudiating any theory of ownership of the policy by her prior to that time. Moreover, the same claims were considered in *Durst v. Durst* and are now foreclosed by the holding in that case that Mrs. Durst's right to possession of the policy rested upon her conversion of it in 1953.

We now proceed to the basic issues raised by this appeal. The appellant contends that the Chancellor was in error in holding that Mrs. Durst's conversion of the policy, coupled with the husband's failure to sue for its recovery for six years thereafter, "gave the wife title to the policy and a vested interest in it", and that the husband had been guilty of laches, so that he is now precluded from changing the beneficiaries named in the policy. On the contrary, the appellant maintains that his former wife has acquired no vested interest in the underlying insurance contract, as distinguished from the "paper writing" which evidences it, that laches is inapplicable, and that the insurance company may be compelled to change the beneficiaries without presentation of the original policy to it.

We have uniformly held that where the right by the insured to change the beneficiary named in a life insurance policy is reserved, the beneficiary has no vested or indefeasible interest under the policy during the lifetime of the insured, but only a revocable expectancy contingent upon being the beneficiary at the time of the insured's death, and that notice to, or the consent of, the beneficiary is unnecessary in order to effectuate a valid change of beneficiary. *Chapman v. Prudential Ins. Co.,* 215 Md. 87, 136 A. 2d 752 (1957), and authorities cited. A beneficiary named in a life insurance policy has no such interest therein as entitles her to control a change in beneficiaries, or other dealings with the policy, during the lifetime of the owner of the policy. *Bullen v. Safe Dep. & Tr. Co.,* 177 Md. 271, 9 A. 2d 581 (1939).

No authorities have been cited, or found, which explicitly consider the precise question whether or not the conversion of a life insurance policy by the beneficiary named therein, coupled with failure by the insured to bring timely suit to recover its possession, confers upon the converter any title to, or vested interest in, the underlying contract of insurance, so as to de-

prive the insured of his right, reserved in the policy, to change the beneficiary. We think the answer is that the conversion of the policy affects only the evidence of the contract, and, since there can be no conversion of the contract itself, the latter is unaffected thereby. Logic would seem to require that answer, particularly in the case of life insurance contracts. As was said in *Whitelaw v. Whitelaw,* 113 N. E. 2d 105, 107 (Ohio 1952), a case emphasizing the difference between an insurance policy as evidence of a contract, and the contract itself: "A contract of insurance bestows upon the insured certain personal rights. Such rights are not lost to the insured by reason of the fact that the person named as beneficiary is in possession of the policies. The only value that can be ascribed to the policy, aside from its use in carrying out certain of the policy provisions, is that it is evidence of the terms of the contract; it is not a symbol of property." See also 29 Am. Jur., *Insurance,* Sec. 186; cf. *Commercial Credit Co. v. Eisenhour,* 236 Pac. 126 (Ariz. 1925). We conclude, therefore, that the appellee's right to retain possession of the policy, based on limitations, as established in *Durst v. Durst, supra,* did not clothe her with any title or vested interest in the insurance contract which it evidences.

In view of what has been said, we think the Chancellor's holding, that the appellant was guilty of laches because of his failure to sue for recovery of the policy for six years after its conversion, is not sustainable. There is no limitation on the appellant's right to make a change of beneficiary, either under the provisions of the contract or by law. The former wife had only a revocable expectancy as the named beneficiary. Hence she cannot show any prejudice resulting to her from the appellant's delay in bringing either the original suit to recover possession of the policy, or this suit to effect a change in beneficiaries. See *Parker v. Board of Elec. Sup.,* 230 Md. 126, 186 A. 2d 195 (1962), and cases cited; cf. *Ratsch v. Rengel,* 180 Md. 196, 23 A. 2d 680 (1942).

Since the appellant has sole title to the insurance contract, we think the insurance company must comply with his request to change the beneficiaries, even though he is unable to deliver the original policy for endorsement. The appellant has formally

notified the company of the desired change, and has offered to execute such documents as the company may require. Ordinarily, an insured must comply with the provisions of a policy regulating a change of beneficiaries (see, *e.g., Daly v. Daly,* 138 Md. 155, 113 Atl. 643 (1921)). However, the rule governing cases such as the instant one is succinctly stated in 2 Appleman, *Insurance and Practice,* Sec. 1008: "Where the insured is unable to comply literally with the requirements for change of beneficiaries because the policy is wrongfully withheld from him and he is, by reason thereof, unable to surrender it, equity will require the change to be made." See also 29A Am. Jur., *Insurance,* Sec. 1682; 5 *Couch, Insurance* 2d, Sec. 28.79, 28.80; *Vance, Insurance* (3d ed. 1951), p. 687, and the cases cited therein. Virtually all of the States and federal jurisdictions which have considered the matter have applied the stated rule in cases similar to the one before us. The cases are collected in Anno., 19 A.L.R. 2d 5, 65. The courts have required only that the insured do all in his power to effectuate the change. See *McDonald v. McDonald,* 102 So. 38 (Ala. 1924); *Farley v. First Nat. Bank,* 61 S. W. 2d 1059 (Ky. 1933); *New York Life Ins. Co. v. Cook,* 211 N. W. 648 (Mich. 1927), and cases cited in 5 *Couch, Insurance* 2d, Sec. 28.80. Cf. *Bimestefer v. Bimestefer,* 205 Md. 541, 109 A. 2d 768 (1955) and *Reliance Ins. Co. v. Bennington,* 142 Md. 390, 121 Atl. 369 (1923). Many of the cases involve a situation similar to the one in the instant case—where the spouse of the insured had refused to surrender an insurance policy following a separation. See, *e.g., Bachrach v. Herrup,* 20 A. 2d 395 (Conn. 1941).

The case of *Ratsch v. Rengel, supra,* cited by the Chancellor in support of his decision, is distinguishable on the facts. There the insured separated from his wife, taking with him all his personalty except certain insurance policies on his life, which were left with the wife. The proof showed that the wife paid all premiums on the policies from their inception, the insured being financially unable to do so, and he having directed the insurer to collect from her. It was held that after sixteen years' acquiescence the insured could not claim ownership and the right to change the beneficiary, his actions having amounted to an equitable assignment or a gift of the policies to the wife. That is not the case here.

We hold that the insurance company is required to effectuate the change of beneficiaries requested by the appellant on its records without endorsement thereof on the original policy.

*Decree reversed and case remanded for the passage of a decree in conformity with this opinion; costs to be paid by the appellee, Flossie L. B. Durst.*